UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. NO. 03-10404-NG |
| | ) | |
| MICHAEL S. GRIFFIN and | ) | |
| RONALD J. CAVALIERE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF EXCLUDABLE DELAY

This matter has come before the Court upon the Government's Motion for Exclusion of Time under the Speedy Trial Act, filed on February 4, 2004. For the reasons set forth below, the government's motion shall be granted.

1. On October 23, 2003, an indictment was returned by a federal grand jury sitting in the Eastern District of Virginia, in Alexandria, Virginia, charging the defendants with conspiracy to distribute more than five kilograms of cocaine and more than 100 kilograms of marijuana, in violation of Title 21, United States Code, Section 846. The indictment also contained a forfeiture count against both defendants, pursuant to Title 21, United States Code, Section 853. Defendant Michael Griffin was arraigned on the indictment in the Eastern District of Virginia on November 5, 2003. Defendant Cavaliere is currently in the custody of the Commonwealth of Massachusetts and was not arraigned on the indictment until February 4, 2004.

2. On November 25, 2003, defendant Griffin filed the following Motions: 1) Motion to Transfer; 2) Motion for

Continuance; 3) Motion for Notice of Intention to Use Evidence; 4) Motion to Suppress Illegally Obtained Evidence and Memorandum in Support thereof;  5) Motion for Disclosure of all Statements which the Government will Seek to Attribute to Defendant and Incorporated Memorandum; and 6) Motion for Bill of Particulars.

    3.    On December 5, 2003, the government filed a Motion to Amend the Indictment to correct certain Deed book and page numbers in the Forfeiture Count.  On December 12, 2003, the government filed its Consolidated Response to Defendant's Motions, which included its opposition to defendant Griffin's motion to suppress evidence.

    4.    By order dated December 15, 2003, Chief United States District Judge Claude M. Hilton of the Eastern District of Virginia granted defendant Griffin's Motion to transfer the case to the District of Massachusetts but did not rule as to defendant Griffin's remaining motions.

    5.    The Speedy Trial Act requires that a case be brought to trial within 70 days of the filing and making public of an indictment or from the date of a defendant's first appearance before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). Given that defendant Griffin was not arraigned until November 5, 2003, the Speedy Trial clock did not commence until at least that date as to him.

    6.    The Act also permits certain periods to be excluded

from the calculation of the 70-day period. In particular, the Act permits the exclusion of "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for a severance has been filed. 18, U.S.C., § 3161(h)(7). The Act further permits the exclusion of "any period of delay resulting from the absence or unavailability of the defendant or an essential witness." 18, U.S.C., §3161(h)(3)(A).

7. In this case, co-defendant Cavaliere was not arraigned until February 4, 2004. Thus, the Speedy Trial clock did not begin to run as to him until that date. Defendant Cavaliere was unavailable for arraignment at the time of defendant Griffin's arraignment because he was in state custody in New Hampshire, where he had been writted to answer for trial from Massachusetts, where he was in state custody serving a separate sentence.

8. The Court hereby finds that the Speedy Trial clock as to defendant Griffin should not commence to run until at least the date of defendant Cavaliere's arraignment on this indictment, pursuant to 18, U.S.C., § 3161(h)(7), based upon a reasonable period of delay when the defendant is joined with a co-defendant as to whom the clock has not yet begun to run, given that no motion for a severance has been filed, and given that the period of delay is reasonable in that: 1) defendant Griffin successfully requested a transfer of this indictment from the Eastern District of Virginia to the District of Massachusetts; 2) the case was

promptly transferred to the District of Massachusetts; 3) counsel for defendant Griffin has not yet filed a Notice of Appearance in the District of Massachusetts; 4) there are pending motions which have not yet been resolved, and which will form an alternative basis for exclusion of time under the Speedy Trial clock from the date of the filing of the motions, November 25, 2003, through the conclusion of the hearing on, or other prompt disposition of, such motions (18, U.S.C. § 3161(h)(1)(F)); and 5) the defendant Griffin has not been prejudiced by the tolling of the Speedy Trial clock as to him, due to the unavailability of his co-defendant, as the defendant is not in custody and the court cannot act on any of his pending motions until such time as his Massachusetts counsel files a Notice of Appearance and advises the court that he is ready to proceed with respect to the pending pre-trial motions.

For the foregoing reasons, in accordance with the Speedy Trial Act of 1974, as amended, the Court hereby orders that the period from November 5, 2003 through February 4, 2004 be excluded from the Speedy Trial Act calculations in this case, pursuant to Title 18, United States Code, Sections 3161(h)(3)(A) and (7).

~~JUDITH G. DEIN~~ NANCY GERTNER
UNITED STATES ~~MAGISTRATE~~ JUDGE

Entered: 2/25/04