UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Cr. No. 03-10404-NG |
| ) | |
| MICHAEL S. GRIFFIN and ) | |
| RONALD J. CAVALIERE ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
MICHAEL S. GRIFFIN'S MOTION
TO REMOVE LIS PENDENS**

Defendant Michael S. Griffin has moved that the Court remove the lis pendens that the government recorded against the home owned by him and his wife, since he was never afforded the opportunity to oppose it; because, in any event, there is no statutory authority for it; and because its continued existence is causing him serious harm.

The defendant was originally indicted in the Eastern District of Virginia on October 23, 2003. The indictment charged defendant and another, one Ronald J. Cavaliere, with conspiracy to distribute cocaine and marijuana between 1988 and 2002. In a forfeiture count, the indictment sought forfeiture of:

> any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but not limited to:
>
> 1. The sum of $595,000, representing the joint and several amount of their illegal drug proceeds; and
>
> As to RONALD J. CAVALIERE only:

>    2. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 9 Wildwood Drive, Milford, Massachusetts o1757, said premises being more particularly described in a Deed recorded in Book 15524, Page 145, at the Worcester District Registry of Deeds, in the Commonwealth of Massachusetts.

(Exhibit A attached hereto).

On October 27, 2003, the Government moved in the Eastern District of Virginia for an ex parte finding and endorsement of a notice of lis pendens to be recorded against property owned by the defendant and his wife, at 362 Wolcott Street, in Newton. (Exhibit B). This is the home of defendant and his family. The proposed notice recited that the indictment alleged forfeiture of $595,000 in cash and that the real property was sought as a "substitute asset" pursuant to 21 U.S.C. §853(p). (Exhibit C). This was allowed. Despite an affidavit of service reciting that the lis pendens was served on defendant and his wife, and would be served upon counsel, neither defendant and his wife recall ever receiving any notice. (Affidavit of Michael S. Griffin, Exhibit D). The lis pendens was discovered only recently, when defendant applied for a loan in order to cover his counsel fees in this case. (Id.) Defendant had been approved for a mortgage loan, but it was denied when the lis pendens was found in a title search.

The grand jury in this district has now returned a superceding indictment, adding two other defendants. This, too, contains a forfeiture count, seeking forfeiture of

>    (1) any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the charged offenses; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses.

(Exhibit E). As in the original indictment, there is no reference in the indictment to the Newton property, or any allegation that it was derived from proceeds or used in the offense.

Defendant has moved to vacate the notice of lis pendens. He urgently requires this relief to obtain the resources to defend himself in this case.

## ARGUMENT

### I.     Applicable Law

The filing of a <u>lis pendens</u> against real property in respect to a forfeiture claim in a criminal indictment is governed by three sources of law. <u>First</u>, a notice of <u>lis pendens</u> is an "action to preserve the availability of property," and, as such, is governed by 21 U.S.C. §853, which defines the authority for pretrial provisional remedies. <u>Second</u>, 18 U.S.C. §1964 provides that the requirements of state real property law as to recording a <u>lis pendens</u> must be observed. In this case, these are found in M.G.L. c. 184, §15. <u>Third</u>, since "it is well-settled that a notice of <u>lis pendens</u> 'deprives a person of a property interest significant enough to warrant Fourteenth Amendment protection," the requirements of procedural Due Process apply. <u>Feingold v. Desarrollos Modernos S.E.</u>, 1994 WL 585932*3 (D.Puerto Rico 1994)("In fact, the practical consequences of a lis pendens notice are the same as those of an attachment. It impairs the marketability of the affected property."). See also <u>New Destiny Dev't Corp. v. Piccione</u>, 802 F.Supp. 692 (D.Conn. 1992). In this case, the notice of <u>lis pendens</u> is even more burdensome than an attachment, since it effectively prevents the defendant from encumbering the property at all.

### II.    Defendant is Entitled to An Adversary Hearing on the Propriety of the Notice of Lis Pendens.

Defendant does not recall receiving notice of the approval of the lis pendens, and does not believe he ever did. In any event, whether or not there ever was notice, it is clear that defendant was entitled to an adversary hearing at least after, if not before, the recording of the

notice, as a matter of both federal, <u>United States v. James Daniel Good Real Property</u>, 510 U.S. 43 (1993)(due process right to prior hearing before seizure), and state law, M.G.L. c. 184, §15(c)(right to immediate post <u>lis pendens</u> hearing if approved <u>ex parte</u>). It is undisputed that there never was one. The notice of <u>lis pendens</u> must be vacated for this reason alone.

### III. There is No Authority for a Any Pre-Trial Protective Order as to Substitute Assets.

21 U.S.C. §853 provides for forfeiture of two types of property. Subsection (a) authorizes criminal forfeiture of certain categories of tainted property, that is, property which is: (1) the proceeds of a violation; or (2) is used to commit a violation; or (3) constitutes an interest in a continuing criminal enterprise. Such forfeitable property is to be alleged in the indictment. F.R.Crim.P. 7(c)(2). In addition, 21 U.S.C. §853(p) authorizes forfeiture of substitute assets -- "any other property of the defendant" -- when, as a result of an act or omission of the defendant, the subsection (a) property is no longer available. However, there is no authority to issue pretrial protective orders as to substitute assets. The only authority to make any pretrial orders "to preserve the availability" of property in contemplation of a criminal forfeiture is found in §853(e)(1), but this section is limited by its explicit terms to "property described in subsection (a)" and does not include the substitute property forfeitable under subsection (p). Thus, every circuit court to consider the issue, save one, has held that there is no authority for a protective order as to substitute property under this and other statutes with identical language. <u>United States v. Gotti</u>, 155 F.3d 144, 147 (2d Cir. 1998); <u>United States v. Riley</u>, 78 F.3d 367, 371 (8th Cir. 1996); <u>United States v. Ripinsky</u>, 20 F.3d 359 (9th Cir. 1994); <u>In re Assets of Martin</u>, 1 F.3d 1351 (3d Cir. 1993); <u>United States v. Floyd</u>, 992 F.2d 498 (5th Cir. 1993). <u>Contra</u> <u>United States v. Billman</u>, 915 F.2d 916 (4th Cir. 1990). The First Circuit has not decided the point; but it has ruled

on a closely related issue, holding that the statute does not permit the government to obtain forfeiture of substitute assets transferred to a third party -- relying on the same principle of statutory construction, to wit, that the explicitly limited authority to forfeit substitute assets "of the defendant," implies no authority for more.  United States v. Saccoccia, 354 F.3d 9, 13 (1st Cir. 2003).

Moreover, the existence of a pre-trial remedy as to substitute assets would be inconsistent with basic forfeiture doctrine.  Under §853(c), all right, title, and interest in subsection (a) property vests in the government as soon as the violation is committed.  See United States v. Monsanto, 491 U.S. 600, 613 (1989), and this justifies pre-trial restraint.  By contrast, however, the government acquires no claim to substitute assets until it obtains an order for forfeiture of the subsection (a) property, determines its unavailability, and then obtains a substitute order from the court.  See §853(p).  This cannot even take place until the government attempts to take possession of property identified in a forfeiture verdict.  E.g. United States v. Hurley, 63 F.3d 1, 23 (1st Cir. 1995).

In this case, the government seeks forfeiture of a certain amount of allegedly tainted cash, which, it alleges, the defendant obtained as proceeds of criminal activity.  This was alleged in the forfeiture count and in the notice of lis pendens.  There is no allegation that defendant's home was the proceeds of criminal activity or was used in connection with any criminal activity.  On the contrary, the notice of lis pendens states explicitly that the government seeks forfeiture of the home only as a "substitute asset" pursuant to §853(p).

**IV.    There is No Authority for Issuance of a Notice of Lis Pendens for Substitute Asset Forfeiture.**

As noted above, by virtue of 18 U.S.C. §1964, state law applies to recording a lis pendens on real estate. Under M.G. L. 184, §15, a lis pendens may be recorded only if it "affects the title to real property or the use and occupation thereof." This means that the claim must be "brought on a plaintiff's own behalf to enforce 'some interest in the real estate.'" Wolfe v. Gormally, 440 Mass. 699, 706 (2004). Here the government has no claim to an interest in the defendant's home at this point. As discussed above, it would have a claim to such an interest if it alleged that the property was a tainted asset under §853(a). In such a case, the government could claim that it already was entitled to the property, on account of §853(c). But where, as here, the property is sought only as a substitute asset, the government asserts no current interest. Rather, it merely seeks security for an unrelated in personam claim – which does not justify a notice of lis pendens under the law.

**Conclusion**

For the reasons set forth above, the Court should vacate the notice of lis pendens on defendant's home.

                                                      Respectfully Submitted,

                                                     /S/ Max D. Stern
                                                   Max D. Stern
                                                   BBO No. 479560
                                                   Stern, Shapiro, Weissberg & Garin, LLP
                                                   90 Canal Street, Suite 500
                                                   Boston, MA 02114-2022
                                                   (617) 742-5800

Dated: December 22, 2004