# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
OCT 23 2003

UNDER SEAL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 03-509-A |
| | ) | |
| v. | ) | 21 U.S.C. § 846 |
| | ) | Conspiracy To Distribute |
| MICHAEL S. GRIFFIN | ) | Cocaine and Marijuana |
| RONALD J. CAVALIERE | ) | |
| | ) | FORFEITURE: 21 U.S.C. § 853 |
| | ) | Forfeiture of Drug-Related |
| | ) | Assets |

OCTOBER 2003 TERM--AT ALEXANDRIA

INDICTMENT

THE GRAND JURY CHARGES THAT:

From in or about 1998 to in or about April 2002, within the Eastern District of Virginia and elsewhere, the defendants, MICHAEL S. GRIFFIN and RONALD JAMES CAVALIERE, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree together with Frank E. Fister, Jr., Rodney J. Mirabal, Ruben L. Mirabal, and others, both known and unknown to the grand jury, to commit the following offenses against the United States:

1. To unlawfully, knowingly, and intentionally distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

2. To unlawfully, knowingly, and intentionally distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
   DEPUTY CLERK

substance, in violation of Title 21, United States Code, Section 841(a)(1).

## WAYS, MANNER, AND MEANS TO ACCOMPLISH THE CONSPIRACY

The primary purpose of the conspiracy was to make as much money as possible through the distribution of cocaine and marijuana in the Eastern District of Virginia and elsewhere. The ways, manner and means by which this purpose was carried out included the following:

1. It was part of the conspiracy that the defendants and their co-conspirators played different roles, took upon themselves different tasks and participated in the affairs of the conspiracy through various criminal acts.

2. It was further part of the conspiracy that the defendants and their co-conspirators made themselves and their services available at various times throughout the conspiracy and participated in selective drug distribution ventures on an "as needed" basis.

3. It was further part of the conspiracy that the defendants and their co-conspirators traveled in interstate commerce in order to facilitate the distribution of controlled substances.

4. It was further part of the conspiracy that the defendants and their co-conspirators distributed, and caused to be distributed, various quantities of cocaine and marijuana in

the Eastern District of Virginia and elsewhere.

5. It was further part of the conspiracy that the defendants and their co-conspirators derived money and other benefits from their unlawful activities.

6. It was further part of the conspiracy that the defendants and their co-conspirators utilized telephone communications and telephone paging devices to facilitate their drug trafficking activities.

7. It was further part of the conspiracy that the defendants' co-conspirators utilized their employment benefits with United Airlines to transport quantities of cocaine and marijuana between Texas, Colorado, and Massachusetts. The cocaine and marijuana was redistributed by co-conspirators in the Eastern District of Virginia and elsewhere.

8. It was further part of the conspiracy that the defendants and their co-conspirators utilized Federal Express and United Parcel Service to transfer and receive drug proceeds.

9. It was further part of the conspiracy that from in or about 1998 to in or about April 17, 2002, the defendants obtained quantities of cocaine and marijuana from their co-conspirators and transported the cocaine and marijuana by vehicle from Texas to Boston, Massachusetts, for redistribution in the Eastern District of Virginia and elsewhere.

10. It was further part of the conspiracy that from in or

3

about 1997 to in or about April 17, 2002, the defendants obtained quantities of cocaine from Frank E. Fister, Jr., for redistribution by the defendants to the defendants' drug customers.

11. It was further part of the conspiracy that the defendants and their co-conspirators derived substantial income and resources from their unlawful activities.

12. It was further part of the conspiracy that the defendants and their co-conspirators used various methods to conceal the conspiracy and their unlawful drug distribution activities in order to ensure the continuing existence and success of the conspiracy.

13. It was further part of the conspiracy that the defendants would commit and aid and abet in the commission of criminal offenses involving the knowing and intentional distribution of cocaine and marijuana, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## OVERT ACTS

In furtherance of the said conspiracy and to effect the objects thereof, the defendants and their co-conspirators committed overt acts in the Eastern District of Virginia and elsewhere, including, but not limited to, the following:

1. From in or about 1998 through in or about April 17,

4

2002, MICHAEL S. GRIFFIN and RONALD J. CAVALIERE obtained various quantities of cocaine and marijuana from Rodney J. Mirabal and Ruben L. Mirabal in Texas and transported the cocaine and marijuana to Frank E. Fister, Jr., in Boston, Massachusetts, for redistribution in the Eastern District of Virginia and elsewhere.

2. In or about October 1998, RONALD J. CAVALIERE transported approximately 500 pounds of marijuana from Texas to Boston, Massachusetts, for redistribution.

3. On or about January 16, 2000, MICHAEL S. GRIFFIN transported approximately 43 kilograms of cocaine from Texas to Boston, Massachusetts, for redistribution.

4. On or about February 12, 2000, MICHAEL S. GRIFFIN transported approximately 43 kilograms of cocaine from Texas to Boston, Massachusetts, for redistribution.

5. On or about March 7, 2000, MICHAEL S. GRIFFIN transported approximately 40 kilograms of cocaine from Texas to Boston, Massachusetts, for redistribution.

6. In or about March 2000, RONALD J. CAVALIERE and a co-conspirator transported approximately 500 pounds of marijuana from Texas to Boston, Massachusetts, for redistribution.

7. On or about May 20, 2000, MICHAEL S. GRIFFIN transported approximately 50 kilograms of cocaine from Texas to Boston, Massachusetts, for redistribution.

8. On or about September 16, 2000, MICHAEL S. GRIFFIN

5

transported approximately 81 kilograms of cocaine from Texas to Boston, Massachusetts, for redistribution.

9. On or about September 30, 2000, MICHAEL S. GRIFFIN transported approximately 40 kilograms of cocaine from Texas to Boston, Massachusetts, for redistribution.

10. In or about January 2001, MICHAEL S. GRIFFIN transported approximately 102 kilograms of cocaine from Texas to Boston, Massachusetts, for redistribution.

11. In or about March 2001, MICHAEL S. GRIFFIN transported approximately 137 kilograms of cocaine from Texas to Boston, Massachusetts, for redistribution.

12. In or about May 2001, MICHAEL S. GRIFFIN transported approximately 149 kilograms of cocaine from Texas to Boston, Massachusetts, for redistribution.

13. In or about August 2001, MICHAEL S. GRIFFIN transported approximately 140 kilograms of cocaine from Texas to Boston, Massachusetts, for redistribution.

14. In or about December 2001, MICHAEL S. GRIFFIN transported approximately 175 kilograms of cocaine and 405 pounds of marijuana from Texas to Boston, Massachusetts, for redistribution.

15. In or about late January 2002, in Boston, Massachusetts, Rodney Mirabal distributed between 3 to 6 kilograms of cocaine to Scott Billups and Carlos Carter for

6

redistribution in the Eastern District of Virginia. This cocaine was previously transported by one of Frank E. Fister, Jr.'s drivers from Texas to Boston.

16. In or about late January 2002, Scott Billups and Carlos Carter redistributed between 3 to 6 kilograms of cocaine in the Eastern District of Virginia.

17. In or about late February 2002, in Boston, Massachusetts, Rodney Mirabal distributed approximately 10 kilograms of cocaine to Scott Billups and Carlos Carter for redistribution in the Eastern District of Virginia. This cocaine was previously transported by a co-conspirator from Texas to Boston.

18. In or about late February 2002, Scott Billups and Carlos Carter redistributed approximately 10 kilograms of cocaine in the Eastern District of Virginia.

19. In or about March 2002, MICHAEL S. GRIFFIN transported approximately 92 kilograms of cocaine from Texas to Boston, Massachusetts, for redistribution.

20. In or about April 2002, RONALD J. CAVALIERE arranged for Frank E. Fister, Jr. to distribute 300 pounds of marijuana to a confidential informant at RONALD J. CAVALIERE's residence located at 9 Wildwood Drive, in Milford, Massachusetts.

21. On or about April 17, 2002, Frank E. Fister, Jr. and RONALD J. CAVALIERE distributed 300 pounds of marijuana to a

confidential informant at RONALD J. CAVALIERE's residence located at 9 Wildwood Drive, in Milford, Massachusetts.

22. On or about April 17, 2002, in Boston, Massachusetts, Rodney Mirabal distributed approximately 54 kilograms of cocaine to Scott Billups and Carlos Carter for redistribution in the Eastern District of Virginia. This cocaine was previously transported by a co-conspirator from Texas to Boston.

23. In or about late April 2002, Scott Billups and Carlos Carter redistributed approximately 40 kilograms of cocaine in the Eastern District of Virginia.

(All in violation of Title 21, United States Code, Section 846)

8

## FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

The defendants, MICHAEL S. GRIFFIN and RONALD J. CAVALIERE, if convicted of this indictment, shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but not limited to:

1. The sum of $595,000, representing the joint and several amount of their illegal drug proceeds; and

As to RONALD J. CAVALIERE only:

2. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 9 Wildwood Drive, Milford, Massachusetts 01757, said premises being more particularly described in a Deed recorded in Book 15524, Page 145, at the Worcester District Registry of Deeds, in the Commonwealth of Massachusetts.

(Pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853)

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

9

_(signature)_
Paul J. McNulty
United States Attorney

_(signature)_
Sonya Sacks
Special Assistant U.S. Attorney

10