```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 03-10404-NG |
| | ) | |
| | ) | VIOLATIONS: |
| | ) | 21 U.S.C. § 846 - |
| v. | ) | Conspiracy to Possess |
| | ) | With Intent to Distribute |
| 1. MICHAEL GRIFFIN, | ) | And to Distribute Cocaine |
| 2. RONALD CAVALIERE, | ) | |
| 3. WILLIAM DAVID VENEY, and | ) | 21 U.S.C. §846 - |
| 4. RICHARD COLLADO, | ) | Conspiracy to Possess with |
| | ) | Intent to Distribute and |
| | ) | to Distribute Marijuana |
| Defendants. | ) | |

**GOVERNMENT'S MOTION TO CORRECT INDICTMENT**

The United States Attorney hereby respectfully moves the Court to allow a correction of a typographical error in the indictment, as follows: In Count One, the allegation is that "the conspiracy involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine." This is an allegation that calls into play the minimum-mandatory and maximum sentences set forth at Title 21, United States Code, Section 851(b)(1)(A). See 21 U.S.C. §841(b)(1)(A). The indictment, however, alleges "21 U.S.C. §841(b)(1)(B)(ii) is applicable to this count."

This mistake is a typographical error. No defendant will be prejudiced by the sought-for change, as two of the three defendants who are in custody have yet to be arraigned on the Superseding Indictment, and the third was informed of the mistake at his arraignment, and made aware of the applicable minimum-mandatory and maximum sentences. Furthermore, there can be no question of prejudice in the indictment process, as the Grand Jury found the

necessary probable cause to believe that 5 kilograms or more of cocaine were involved in the offense, thus implicating 21 U.S.C. §841(b)(1)(A).

    For the above-noted reasons, the government respectfully asks that the Court allow for the correction of Count One of the Superseding Indictment.  A proposed corrected Count One is attached hereto.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

                        By:  /s/ Rachel E. Hershfang
                            RACHEL E. HERSHFANG
                            Assistant U.S. Attorney

Dated: December 22, 2004

```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 03-10404-NG |
| | ) | |
| | ) | VIOLATIONS: |
| | ) | 21 U.S.C. § 846 - |
| v. | ) | Conspiracy to Possess |
| | ) | With Intent to Distribute |
| 1. MICHAEL GRIFFIN, | ) | And to Distribute Cocaine |
| 2. RONALD CAVALIERE, | ) | |
| 3. WILLIAM DAVID VENEY, and | ) | 21 U.S.C. §846 - |
| 4. RICHARD COLLADO, | ) | Conspiracy to Possess with |
| | ) | Intent to Distribute and |
| | ) | to Distribute Marijuana |
| Defendants. | ) | |

### [CORRECTED] SUPERSEDING INDICTMENT

**COUNT ONE:**     **(21 U.S.C. § 846 - Conspiracy to Possess With Intent To Distribute and to Distribute Cocaine and Marijuana)**

The Grand Jury charges that:

From a date unknown to the Grand Jury, but no later than in or about January, 2000, and continuing until on or about April 17, 2002 at Boston, and elsewhere, in the District of Massachusetts, and elsewhere,

       **1. MICHAEL GRIFFIN,**
       **2. RONALD CAVALIERE,**
       **3. WILLIAM DAVID VENEY, and**
       **4. RICHARD COLLADO,**

defendants herein, knowingly and intentionally combined, conspired, and agreed with each other, and with persons known and unknown to the Grand Jury, to possess with intent to distribute and to distribute cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the conspiracy involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, 21 U.S.C. § 841(b)(1)(A)(ii) is applicable to this count.

It is further alleged that the conspiracy involved 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.  Accordingly, 21 U.S.C. § 841(b)(1)(B)(vii) is applicable to this count.

All in violation of Title 21, United States Code, Section 846.