```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     )
                              )
                              )
        v.                    )    Criminal No. 03-10404-NG
                              )
MICHAEL S. GRIFFIN            )
RONALD J. CAVALIERE           )
```

**UNITED STATES' OPPOSITION TO MOTION TO REMOVE LIS PENDENS**

Defendant Michael Griffin ("Griffin" or "the defendant") has filed a motion, requesting that this Court vacate a lis pendens recorded against his property at 362 Wolcott Street, Newton, MA ("362 Wolcott Street"). This lis pendens was authorized on October 27, 2003 by the District Court for the Eastern District of Virginia, where this criminal case was initially brought. Griffin's motion does not provide any factual or legal basis for vacating the district court's order. The motion should therefore be denied.

<u>Factual Background</u>.  This case originated in the Eastern District of Virginia.  On October 20, 2003, a indictment was returned in <u>United States v. Griffin</u>, No. 03-509, charging Griffin and Cavaliere with conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. §§841 and 846.  The charged conspiracy involved transportation of hundreds of kilograms of both cocaine and marijuana from Texas to Massachusetts, and the redistribution of the drugs in the Eastern District of Virginia and elsewhere. The indictment included a forfeiture allegation pursuant to 21

1

U.S.C. §853, alleging, inter alia, that, upon conviction, the sum of $595,000, representing the proceeds of the defendants' illegal drug trafficking, would be forfeitable to the United States.

Based on this indictment, on October 27, 2003, the U.S. Attorney's Office of the Eastern District of Virginia filed an ex parte motion for a lis pendens against 362 Wolcott Street, as a substitute asset, pursuant to 21 U.S.C. §853(p).  On October 27, 2003, the United States' motion for lis pendens against 362 Wolcott Street was granted by the district court (Claude M. Hilton, DJ.). Copies of this notice of lis pendens were sent by certified mail both to Griffin and to Griffin's wife, the co-owner of 362 Wolcott Street, Christina Griffin.  These notices were delivered on October 31, 2003.  (See Exhibit 1, signed certified mail reciept for Michael Griffin and confirmation of delivery by US Postal Service for Christina Griffin).

On December 29, 2003, this case was transferred for prosecution to the District of Massachusetts, where a superseding indictment containing a criminal forfeiture allegation against Griffin and several codefendants was returned on October 28, 2004. On March 2, 2004, the United States filed a bill of particulars in this court, specifying a number of assets subject to direct forfeiture, pursuant to 21 U.S.C. §853, as a result of the defendants' violations of 21 U.S.C. §§841 and 846.  The bill of particulars stated that, pursuant to 21 U.S.C. §853(p), if any of

the directly forfeitable assets were, as a result of any act or omission of the defendants, unavailable for forfeiture at the time of conviction, the United States intended to seek forfeiture of other property of the defendants, up to the value of the directly forfeitable assets. The bill of particulars specified that such substitute assets included, but were not limited to, the real property located at 362 Wolcott Street.

<u>Discussion</u>. As an initial matter, as noted above, a signed certified mail receipt (attached as Ex. 1) reflects that Griffin was provided notice of the lis pendens on October 31, 2003, that is, more than a year before the filing of the instant motion. Griffin is simply mistaken when he suggests otherwise. See Griffin Affidavit, Attached to Motion to Remove Lis Pendens ("I. . . do not believe any such notice [of the lis pendens] was received at our home.")

Furthermore, the defendant's assertions that the filing of the lis pendens on the property at 362 Wolcott Street triggers an adversary hearing or is in any way improper, are also incorrect and evidence a fundamental misunderstanding of the scope and purpose of a lis pendens.

Griffin first argues that he is entitled to an adversary proceeding on the propriety of the notice of lis pendens. The sole case cited by the defendant, in fact, supports the opposite proposition. In <u>United States v. James Daniel Good Real Property</u>,

510 U.S. 43 (1993), the Supreme Court drew a sharp distinction between a <u>seizure</u> of property and what the Court characterized as "less restrictive measures--i.e., a <u>lis pendens</u>, restraining order, or bond." <u>James Daniel Good Real Prop.</u>, 510 U.S. at 62. As <u>Good</u> illustrates, the filing of a lis pendens does not trigger the same kind of due process protections that are triggered by more extensive restrictions on property rights.

The different due process requirements stem from the nature of a lis pendens. A lis pendens is, essentially, a notice provision, serving to protect the rights of prospective buyers and lenders by warning them that the property is the subject of a claim in pending litigation. "The purpose of a lis pendens is to notify prospective purchasers and encumbrancers that any interest acquired by them in property is subject to the decision of the court in pending litigation." <u>United States v. 408 Peyton Rd.</u>, 162 F.3d 644, 646 n. 2 (11th Cir. 1998). While the filing of a lis pendens obviously makes the property less attractive to potential buyers or lenders in that it warns them that their claims may be subordinated if the ultimate judgment in the pending litigation is adverse to the owner, the lis pendens does not constitute a prohibition on selling or obtaining loans or deprive the owner of any other rights of ownership. Because of the limited nature of a lis pendens, no adversary hearing is required. See <u>United States v. Register</u>, 182 F.3d 820 (11th Cir. 1999); see also <u>United States v. Miller</u>, 26

4

F.Supp.2d 415, 432, n. 15 (N.D.N.Y.1998); cf. Kirby Forest Indus., Inc. v. United States, 467 U.S. 1 (1984)(property owner is not entitled to compensation for filing of a lis pendens, despite the fact that the lis pendens tended to reduce the value of the land).

For similar reasons, the defendant's second two arguments regarding the lis pendens are incorrect. The filing of a lis pendens is not governed by 21 U.S.C. §§ 853(e) or (f) because it is not a "seizure" or "restraint" within the meaning of the statute. See United States v. St. Pierre, 950 F.Supp. 334, 337-38 (M.D.Fla. 1996); United States v. Field, 867 F.Supp. 869, 873 n.4 (D.Minn. 1994), aff'd, 62 F.3d 246 (8th Cir. 1995); United States v. Miller, 26 F.Supp.2d 415, 432, n. 15 (N.D.N.Y.1998). The cases cited by Griffin at p.4 of his memorandum are therefore wholly irrelevant. The final argument advanced by the defendant -- that Massachusetts law prevents the United States from obtaining a lis pendens for substitute assets in a federal forfeiture action -- is also without basis. The state law cited by the defendant authorizes the recording of a lis pendens if it "affects the title to real property or the use and occupation thereof." Memorandum at 6 (quoting M.G.L. 184, §15). While the United States' interest in the property is contingent, in that the United States' right to forfeit the property turns on whether it is able to obtain a conviction in the underlying criminal action and on whether other sufficient assets are unavailable, no court has ever held that this

5

interest is insufficient to support the issuance of a lis pendens. On the contrary, lis pendens are routinely issued in federal district courts in forfeiture cases, both for directly forfeitable and substitute assets.

For the foregoing reasons, the defendant's motion to remove the lis pendens should be denied.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: /s/ Jennifer H. Zacks
>JENNIFER H. ZACKS
>Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Max Stern, Esq.
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street
Boston, MA 02114-2022

This 11th day of January, 2005.

>Jennifer H. Zacks
>ASSISTANT UNITED STATES ATTORNEY