UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Cr. No. 03-10404-NG |
| ) | |
| MICHAEL S. GRIFFIN and ) | |
| RONALD J. CAVALIERE ) | |
| ) | |

**DEFENDANT MICHAEL S. GRIFFIN'S REPLY
TO GOVERNMENT'S OPPOSITION TO
MOTION TO REMOVE LIS PENDENS**

The government's Opposition to defendant's motion only underlines the strength of defendant's claim.

**I. There is No Substantive Authority for the Lis Pendens Under Either Federal or State Law.**

In its effort to avoid the force of the cases decided under 21 U.S.C. §853(e), the government concedes that that section does not authorize it to obtain a lis pendens. (Gov't Memo, at 5: "The filing of a lis pendens is not governed by 21 U.S.C. §853(e) or (f) . . . . "). The problem with this argument is that §§853(e) and (f) sections contain all of the authority for any "action to preserve the availability of property" under the statute. The government points to no other statutory authority for the issuance of a lis pendens. Nor do the cases on which the government relies identify any statutory power. The three cases on which the government relies to support the issuance of the lis pendens against defendant's property constitute extremely slender authority. United States v. St. Pierre, 950 F.Supp. 334, 337 (M.D. Fla 1996) is not pertinent at all, since it involved assets which were the subject of direct, not substitute, forfeiture; and there is no question that the statute authorizes all provisional remedies for direct

forfeitures. In United States v. Field, 867 F.Supp. 869, 873, n. 4 (D.Minn. 1994), the power to record a lis pendens was not in issue and was not argued. After holding that it lacked authority to restrain substitute assets, the court added a one-sentence dictum, in a footnote, without statutory or case authority, noting the that its decision did not restrict the ability to file a lis pendens. The same thing happened in United States v. Miller 26 F.Supp.2d 415, 432, n.15 (N.D.NY 1998), which now relied upon St. Pierre and the Field footnote.

In any event, the dispositive flaw in the government's argument is that Massachusetts law – which is binding by virtue of 28 U.S.C. § 1964[1] – specifically prohibits the use of a lis pendens in this situation. Under Massachusetts law, a court may allow a lis pendens only "if the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof," M.G.L.c. 184, §15(b) and if the action "affect[s] the title to the real property or the use and occupation thereof." M.G.L.c. 184, §15(c). This means that the plaintiff seeking a lis pendens must be able to assert a current interest in the real estate. See Wolfe v. Gormally, 440 Mass. 699, 706 (2004); McCarthy v. Hurley, 24 Mass.App.Ct. 533, 535 (1987), citing Siegemund v. Building Commissioner of Boston, 263 Mass. 212, 214 (1928)("The action . . .

---

[1] That statute provides:

> Where the law of a State requires a notice of an action concerning real property pending in a court of the State to be registered, recorded, docketed, or indexed in a particular manner, or in a certain office of county or parish in order to give constructive notice of the action as it relates to the real property, and such law authorizes a notice of an action concerning real property pending in a United States district court to be registered, recorded, docketed, or indexed in the same manner, or in the same place, those requirements of the State law must be complied with in order to give constructive notice of such an action pending in a United States district court as it relates to real property in such State. .

which is within the scope of the statute is one where the right or title of the parties in some particular real estate, the subject matter of the action or suit, is involved, and where the purpose of the proceedings is to determine the title and rights of the parties.  It is to be assumed that the statute includes all actions and proceedings . . . where title to a tract of land between parties is concerned and includes actions and proceedings to enforce a lien or encumbrance on real estate.").  In Massachusetts, in other words, a plaintiff may not use the lis pendens procedure as a way to obtain security for a favorable judgment in a claim not directly involving the real property.  This is precisely what the government seeks to do here.  While other jurisdictions may allow for the issuance of a lis pendens in this situation, Massachusetts does not, and the issuance of the lis pendens in defendant's case was a misuse of the lis pendens procedure.

## II. The Defendant Is Entitled to A Post-Issuance Adversary Hearing Under Both Federal and State Law.

The government also argues that despite the devastating effect on defendant's ability to encumber his property, it is not obligated to afford him even a post-issuance adversary hearing.  But, contrary to the government's contention, the Supreme Court cases it cites do not cast any doubt on defendant's claim.  While United States v. James Daniel Good Real Property, 510 U.S. 43, 62 (1993), does note that a lis pendens might be filed without a pre-issuance hearing, it says nothing about post-filing.  Kirby Forest Industries v. United States, 467 U.S. 1 (1984), is likewise beside the point; it holds that a lis pendens does not constitute a "taking" for purposes of the Fifth Amendment Compensation Clause, a far different issue from whether it constitutes enough of a deprivation of property that post-issuance procedural process is due.  To be sure, there are lower federal court decisions going both ways on the applicability of procedural due process to the lis pendens; defendant suggests that the better reasoned cases support his view.

Once again, however, the decisive point is that binding Massachusetts procedure requires a hearing. Indeed, M.G.L. c.184, §15(b) prohibits even an ex parte lis pendens unless the court finds that "either (1) the defendant is not then subject to the jurisdiction of the court in that action, or (2) there is a clear danger that the defendant, if notified in advance of the endorsement of the memorandum, will convey, encumber, damage or destroy the property or the improvements thereon." The statute further provides that if the lis pendens is allowed ex parte, then "any party aggrieved thereby may move at any time for dissolution of the memorandum, and the court shall hear the motion forthwith and in any event not later than 3 days after the date on which notice of the motion was given to the claimant." M.G.L. c.184, §15(c). The defendant has moved for dissolution of the lis pendens and is therefore entitled to a hearing now.

## Conclusion

For the reasons set forth above, the Court should vacate the notice of lis pendens on defendant's home.

Respectfully Submitted,

/S/ Max D. Stern
Max D. Stern
BBO No. 479560
Lillian Hirales
BBO No. 652698
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
(617) 742-5800

Dated: January 24, 2005

G:\SSWG\GRIFFIN, M\lis pendens reply.wpd