UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
03-10404-NG

UNITED STATES OF AMERICA

v.

MICHAEL S. GRIFFIN

**MEMORANDUM OF DECISION AND ORDER**
**ON GRIFFIN'S MOTION TO REMOVE LIS PENDENS**

February 16, 2005

DEIN, U.S.M.J.

This matter is before the court on "Defendant Michael S. Griffin's Motion to Remove Lis Pendens" (Docket No. 47) ("Motion"). By this Motion, Griffin is seeking to vacate the lis pendens which the government recorded against his home in Newton, Massachusetts. After consideration of the arguments of counsel and review of the pleadings, the motion is ALLOWED.[1]

**Background**

Griffin was originally indicted in the Eastern District of Virginia on October 23, 2003 and charged, along with Ronald J. Cavaliere, with conspiracy to distribute cocaine and marijuana between 1988 and 2002. The indictment sought forfeiture of "[t]he sum of $595,000, representing the joint and several amount of their illegal drug

---

[1] Oral argument was heard on January 25, 2005. At that time, the court indicated that it expected that the motion would be allowed, and the parties were given time to see if the matter could be resolved by agreement. Several weeks later, the court was informed that negotiations had been unsuccessful.

proceeds." Motion at Ex. A, p. 9. On October 27, 2003 the Government moved in the Eastern District of Virginia for an ex parte finding and endorsement of a notice of lis pendens, to be issued against the marital home owned by Griffin and his wife at 362 Wolcott Street, Newton, Massachusetts. In the notice of lis pendens, which was issued on October 27, 2003, the property is identified as a "substitute asset for the $595,000 sum described in the indictment" pursuant to 21 U.S.C. § 853(p). Motion at Ex. C.[2] As a result of the notice of lis pendens, the defendant has been unable to use the home as collateral for a loan to pay for legal fees in connection with this case.

## Discussion

21 U.S.C. § 853 provides for the forfeiture of property in the event of a criminal conviction for various crimes. Section 853(a) provides for the forfeiture of tainted property which is the proceeds of a violation, was used to commit a violation, or constitutes an interest in a continuing criminal enterprise. Such property must be identified in the indictment. Fed. R. Crim. P. 7(c)(2). In addition, § 853(p) authorizes the forfeiture of any "substitute property" of the defendant, provided that "as a result of any act or omission of the defendant" any of the forfeitable property identified pursuant to § 853(a) is no longer available. Pursuant to 21 U.S.C. § 853(e), "the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section . . . ."

---

[2] While a signed return receipt indicates that the defendant received notice of the lis pendens after it was issued, he has no memory of receiving the notice. Nevertheless, he has withdrawn his challenge to the lis pendens on the grounds of lack of notice.

As an initial matter, the defendant argues that the notice of lis pendens is not authorized by 21 U.S.C. § 853(e), because that statute does not provide for the pre-conviction restraint of "substitute assets." See, e.g., United States v. Gotti, 155 F.3d 144, 147 (2d Cir. 1998) and cases cited (pre-conviction restraint authorized by § 853(e) only applies to property directly subject to forfeiture under § 853(a), not to substitute assets as defined by § 853(p)). But see, contra, In re Restraint of Bowman Gaskins Fin. Group, 345 F. Supp. 2d 613, 622 & n.32 (E.D. Va. 2004), and cases cited. The First Circuit has not expressly addressed this issue. However, the issue does not need to be resolved in this case as the government has also taken the position that it is not proceeding under 21 U.S.C. § 853, albeit for a different reason. Thus, the government contends that the statute has no application to a notice of lis pendens, since a lis pendens is not a "restraint" or "seizure" under the statute. Opposition (Docket No. 53) at 5 (citing, inter alia, United States v. Miller, 26 F. Supp. 2d 415, 432 n.15 (N.D.N.Y. 1998) (in ruling that court cannot order pre-conviction seizure or restraint of substitute assets, court notes in a footnote that the government may file for a lis pendens since it does not constitute a 'restraint' or 'seizure' under §§ 853(e)). and (f))). The defendant disagrees and argues that the statute is broad enough to cover a lis pendens. Again, this issue does not need to be resolved since all parties agree that § 853 is not controlling in this case.

Even assuming that the government is not authorized by federal statute to obtain the notice of lis pendens, state court remedies may be available to secure assets prior to any conviction. See United States v. Saccoccia, 354 F.3d 9, 14 (1st Cir. 2003) (government could proceed outside of federal forfeiture statute to recover substitute

-3-

assets of culpable third parties). In the instant case, however, a notice of lis pendens is not justified under Massachusetts state law, Mass. Gen. Laws ch. 184, § 15.

The Massachusetts lis pendens statute is not intended to provide notice of the general (potential) debt obligations of the property owner. Rather, it applies only to claims "'affecting' title or use and occupation of property," i.e., "a claim brought on a plaintiff's own behalf to enforce 'some interest in the real estate[.]'" Wolfe v. Gormally, 440 Mass. 699, 706, 802 N.E.2d 64, 70 (2004) (internal punctuation and citations omitted). Thus, "in order for one to take advantage of the lis pendens statute, he must be asserting in a judicial proceeding a claim on his own behalf of some interest in the real estate or some right to use and occupy it." McCarthy v. Hurley, 24 Mass. App. Ct. 533, 536, 510 N.E.2d 779, 781 (1987). In the instant case, however, the government is not asserting any interest in the property per se, or any right to use and occupy it. Rather, the government is claiming that the real property, like any other assets belonging to the defendant, may, eventually, be used to satisfy a forfeiture judgment. The lis pendens statute is not appropriate for such a claim.

The inapplicability of the lis pendens statute is made even clearer by the contingent nature of the government's claim. In the case of tainted assets (under § 853(a)), title to the property "vests in the United States upon the commission of the act giving rise to the forfeiture . . . ." 21 U.S.C. § 853(c). See also United States v. Saccoccia, 354 F.3d at 14. Thus, it would be appropriate for the United States to seek a lis pendens for such property, since it actually has a claim to ownership of the property. In the case of a substitute asset, however, the government's interest in the property does not arise until after a conviction, and even then only after the property

identified in § 853(a) is determined to be unavailable as a result of the an "act or omission of the defendant." 21 U.S.C. § 853(p). Given the tenuous nature of the government's interest, substitute assets do not support a notice of lis pendens under Massachusetts law.

There is no question that the existence of the notice of lis pendens is causing the defendant harm. "Although a notice of pending litigation is not strictly speaking a lien on property, the practical effect of recording it is to prevent a sale or transfer of property until the conclusion of a suit." 28A Mass Practice Series, Real Estate Law § 11.20 (4th ed. 2004). See also McCarthy v. Hurley, 24 Mass. App. Ct. at 538, 510 N.E.2d at 782 ("as a practical matter" invocation of the lis pendens procedure "affects one's right to alienate his property"); Feingold v. Desarrollos Modernos S.E., No. 93-1817, 1994 WL 585932, at *3 (D.P.R. May 19, 1994) ("In fact, the practical consequences of a lis pendens notice are the same as those of an attachment. It impairs the marketability of the affected property."). Since the instant notice of lis pendens is not authorized by either 21 U.S.C. § 853 or Mass. Gen. Laws ch. 184, § 15, it should be removed.

## Conclusion

For all the reasons detailed herein, the Motion to Remove Lis Pendens (Docket No. 47) is ALLOWED.

    / s / Judith Gail Dein
JUDITH GAIL DEIN
United States Magistrate Judge