UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
                                )
                                )
          v.                    )       Criminal No. 03-10404-NG
                                )
MICHAEL S. GRIFFIN              )
RONALD J. CAVALIERE             )

**UNITED STATES' OBJECTIONS TO THE MAGISTRATE JUDGE'S
MEMORANDUM AND ORDER OF DECISION**

On February 16, 2005, the Magistrate Judge issued a Memorandum of Decision and Order, allowing the motion of the defendant, Michael Griffin ("Griffin" or "the defendant") to vacate a lis pendens approved by the District Court for the Eastern District of Virginia on October 27, 2003 and recorded by the United States against the real property at 362 Wolcott Street, Newton, Massachusetts ("362 Wolcott Street"). Because this decision by the Magistrate Judge incorrectly applies the relevant Massachusetts law governing lis pendens, and substantially understates the nature and impact of the United States representation to the public, the defendant, and this Court that it intends to forfeit the real property in this criminal case, the United States files these objections.

Factual Background.  This case originated in the Eastern District of Virginia.  On October 20, 2003, an indictment was returned in *United States v. Griffin*, No. 03-509, charging Griffin

and a codefendant with conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. §§841 and 846. The charged conspiracy involved transportation of hundreds of kilograms of both cocaine and marijuana from Texas to Massachusetts, and the redistribution of the drugs in the Eastern District of Virginia and elsewhere. The indictment included a forfeiture allegation pursuant to 21 U.S.C. §853, alleging, inter alia, that, upon conviction, the sum of $595,000, representing the proceeds of the defendants' illegal drug trafficking, would be forfeitable to the United States.

Based on this indictment, on October 27, 2003, the U.S. Attorney's Office of the Eastern District of Virginia filed an ex parte motion for a lis pendens against 362 Wolcott Street, as a substitute asset, pursuant to 21 U.S.C. §853(p). On October 27, 2003, the United States' motion for lis pendens against 362 Wolcott Street was granted by the district court (Claude M. Hilton, DJ.). Copies of this notice of lis pendens were served by certified mail on the defendant and filed at the South Middlesex County Registry of Deeds on October 29, 2003.

On December 29, 2003, this case was transferred for prosecution to the District of Massachusetts, where a superseding indictment containing a criminal forfeiture allegation against Griffin and several codefendants was returned on October 28, 2004. On March 2, 2004, the United States filed a bill of particulars in

this Court, specifying a number of assets subject to direct forfeiture, pursuant to 21 U.S.C. §853, as a result of the defendants' violations of 21 U.S.C. §§841 and 846.  Because the value of the identified assets representing proceeds of the charged crimes was significantly less than the $595,000 subject to forfeiture as illegal proceeds, the bill of particulars stated that, pursuant to 21 U.S.C. §853(p), the United States gave notice of its intention to seek the forfeiture of substitute assets.  The bill of particulars specifically named the real property located at 362 Wolcott Street as one of those substitute assets subject to forfeiture pursuant to 21 U.S.C. §853(p).

**The February 16, 2005 Memorandum of Decision Misinterprets Massachusetts Law Governing Lis Pendens.**

The Massachusetts statute governing lis pendens, M.G.L. ch. 184, §15, provides, in relevant part:

> A w[r]it of entry or other proceeding that
> affects the title to real property or the use
> and occupation thereof or the buildings
> thereon, shall not have any effect except
> against the parties thereto, their heirs and
> devisees and persons having actual non-record
> notice thereof, until a memorandum containing
> the names of the parties to the proceeding,
> the court in which it is pending, the date of
> the writ or other commencement thereof, the
> name of the town where the real property
> liable to be affected thereby lies and a
> description of the real property sufficiently
> accurate for identification is recorded in the
> registry of deeds for the county or district
> where the real property lies . . .

The Magistrate Judge's decision in this case turns largely on its erroneous construction of this provision of Massachusetts law, summed up in the Magistrate Judge's holding that, "[i]n the instant case, . . . a notice of lis pendens is not justified under Massachusetts state law, Mass. Gen. Laws ch. 184, § 15." Memo. at 4. This conclusion is based on a misinterpretation of both the meaning and the purposes of the Massachusetts lis pendens statute. As discussed below, contrary to the Magistrate Judge's conclusions, under the relevant Massachusetts case law, the lis pendens obtained by the United States in this case fits squarely within the Massachusetts state courts' analysis of their own state law.

### The Meaning of the Massachusetts Lis Pendens Statute.

The Magistrate Judge misconstrued the language of the Massachusetts statute, reading it in a way directly contrary to the long-established interpretation of the Massachusetts courts. In Massachusetts, the filing of a lis pendens is statutorily authorized by G.L. c. 184, § 15 when the underlying judicial proceeding "affects the title to real property or [its] use and occupation." See *Debral Realty, Inc. v. DiChiara*, 383 Mass. 559, 420 N.E.2nd 343 (1981). Over seventy-five years ago, the Massachusetts Supreme Judicial Court, explained the scope of the statute as follows:[1]

_____

[1] Although the Massachusetts lis pendens statute has been amended several times since that time (See M.G.L. c. 184, § 15, historical and statutory notes), the relevant language regarding

> The action at law or suit in equity which is within the scope of the statute is one where the right or title of the parties in some particular real estate, the subject matter of the action or suit, is involved, and where the purpose of the proceedings is to determine the title and rights of the parties.  It is to be assumed that the statute includes all actions and proceedings at law and in equity where title to a tract of land between parties is concerned and includes actions and proceedings to enforce a lien or incumbrance o[n] real estate.

*Siegemund v. Building Comm'r of City of Boston*, 263 Mass. 212, 214, 160 N.E. 795, 795-96 (1928).  More recently, in *Wolfe*, the SJC analyzed the pertinent statutory language and clarified that the Massachusetts lis pendens statute included not only those cases involving claims of "a right to title," but also cases involving claims "affecting" title or use and occupation of property. *Wolfe v. Gormally*, 440 Mass. 699, 706, 802 N.E.2nd 64 (2004).  In turn, a claim that "affect[s] title" is defined as a claim brought on a plaintiff's own behalf to enforce "some interest in the real estate." *McCarthy v. Hurley*, 24 Mass.App.Ct. 533, 536, 510 N.E.2nd 799 (1987) (emphasis added).  Moreover, as set out in *Siegemund*, a claim that "affect[s] title" includes a lien or encumbrance. *Siegemund*, 263 Mass 212 at 214-15, 160 N.E. 2nd at 795-96.

The claim of the United States in this case fits squarely within this statutory framework.  The instant case is a criminal

---

which actions fall within the scope of the statute has not been substantively altered.

action in which an indictment has been returned against the defendant, including criminal forfeiture provisions. In addition, the United States has filed a bill of particulars, specifically naming 362 Wolcott Street as a piece of real property subject to forfeiture pursuant to 21 U.S.C. §853(p), putting the defendant on notice of the United States' intention to seek forfeiture of this particular piece of real property. Thus, currently pending in this Court is a criminal action to determine whether the defendant is guilty of the charged crimes and whether 362 Wolcott Street will be forfeited to the United States. If the United States prevails by making the statutorily required factual showings, as part of the criminal sentence, the real property at 362 Wolcott Street will be forfeited to the United States pursuant to 21 U.S.C. §853(p). Put simply, if the United States wins this criminal case, the defendant loses the house. Title to the real property will pass from the defendant to the United States. It is difficult to imagine any action that more directly or more completely "affects title or use or occupation of the property."

In sharp contrast to those cases in which Massachusetts courts have found that the lis pendens statute is inapplicable, this is not a case where the pending litigation affects only some limited incident of ownership, such as the particular uses to which the property may be put. See *Siegemund*, 263 Mass. 212, 160 N.E. 795 (suit to enforce zoning law not within lis pendens statute);

-6-

*McCarthy v. Hurley*, 24 Mass.App.Ct. 533, 534-35, 510 N.E.2nd 779, 780-81 (Mass.App.Ct. 1987) (suit to enforce subdivision control law not within lis pendens statute); cf. *Wolfe*, 440 Mass at 706-07, 802 N.E.2nd at 70 (suit to enforce a plan of restrictive covenants is within lis pendens statute). Unlike any of these cases, in the instant case, not just the owner's use of the property would be affected by the pending case. Instead, if the United States is successful in the criminal action, the direct outcome of the pending suit would be the transfer of the property's title to the United States.

In the Memorandum of Decision, the Magistrate Judge suggests that the Massachusetts lis pendens statute does not apply because of "the contingent nature of the government's claim," noting that to prevail, the government would have to prove that the defendant committed the charged crime and made the proceeds of those crimes unavailable for forfeiture. Memo. at 4-5. This analysis has a number of significant flaws and does not accord with the determinations of the Massachusetts courts.

First, if the Magistrate Judge's analysis regarding "contingent" claims were correct, the Massachusetts lis pendens statute would <u>never</u> apply, since, at the time a lis pendens is filed, a party's interest in the real property is necessarily contingent. Indeed, the term "lis pendens" literally means "pending suit." If a suit concerning the real property is pending,

clearly the allocation of rights to the property is contingent on the outcome of the suit, including the factual findings and conclusions of law reached in the course of that litigation. The function of a lis pendens is to indicate that the question of who has a right to the property is a matter currently in dispute, not one that has been the subject of a final determination. Indeed, the Massachusetts Appeals Court has rejected an analogous argument as "fundamentally flawed," noting "nothing in the language of G.L. c. 184, §15 requires a lis pendens filer to reduce the underlying claim to judgment to have the benefit of the statute." *Heller v. Turner Bros. Construction, Inc.*, 40 Mass.App.Ct. 363, 364, 663 N.E.2nd 1243, 1244 (Mass.App.Ct. 1996).

In addition, while the claim in this case, like any claim underlying a lis pendens is "contingent" on the outcome of the suit, assuming that the United States prevails by making the required showings, forfeiture of substitute assets is a mandatory part of the criminal sentence. See *United States v. Bollin*, 264 F.3d 391, 422-23 (4th Cir. 2001)(Congress requires forfeiture of property as a substitute asset; the forfeiture judgment that the substitute asset is used to satisfy is part of the defendant's criminal sentence; certain types of property cannot be insulated from forfeiture). A "forfeiture judgment is not merely a debt, but is part of [the defendant's] criminal sentence." *Id.* at 422.

At bottom, the Magistrate Judge's discussion of the "tenuous

nature" of the government's claims appears to be a judgment about how likely the United States is ultimately to prevail. This approach has been rejected by the Massachusetts courts. In determining whether a lis pendens should be allowed, the court does not make a judicial determination about the merits of the underlying action. See *Sutherland v. Aolean Development Corp.*, 399 Mass. 36, 40 502 N.E.2nd 528, 531 (1987). Instead, the question is whether the suit is one that "affects title or use or occupation of the property."[2] In other words, to obtain a lis pendens, the United States does not have to show that it is going to win the case, just that there is pending litigation in which the specific real property is "in play."

Even if this Court were to consider the underlying merits of the criminal action, the United States' claims are far from "tenuous." Based on the facts of this case, there is reason to believe that Griffin has dissipated or otherwise made unavailable for forfeiture the proceeds of the drug conspiracy. As a result, 362 Wolcott Street would be forfeitable to the United States pursuant to 21 U.S.C. §853(p).

The drug conspiracy alleged in the superseding indictment

---

[2] A 2002 amendment to the lis pendens statute allows a judge to dissolve a lis pendens if the underlying lawsuit on which the lis pendens is based is frivolous. M.G.L. ch. 184, §15(c). In this case, the underlying criminal action and forfeiture allegation are plainly not frivolous, particularly in light of the fact that probable cause has been found by a grand jury.

began in January 2000 and continued until on or about April 17, 2002. As noted above (see n.2), a grand jury has found probable cause for this underlying criminal and forfeiture allegations, which include $595,000 in drug proceeds. During the time period of the alleged drug conspiracy, on December 17, 2001, Griffin purchased 362 Wolcott Street for $465,000, with a $372,000 mortgage from Washington Mutual Bank. On March 21, 2003, Griffin obtained a new mortgage on the property for $409,500 from Washington Mutual Bank. In a financial affidavit submitted to this Court, Griffin represented that he had "somewhere between $50,000 and $100,000 equity" in 362 Wolcott Street and had approximately $4,000 in a bank account, as well as several motor vehicles. Griffin listed no other assets and has used 362 Wolcott Street to secure a $50,000 appearance bond. The investigation undertaken by the United States to this point has not been successful in locating the $595,000 in drug trafficking proceeds. Nor has the defendant, who, if guilty, presumably knows what he did with these proceeds, identified how he disposed of them. Based on these facts, the United States has made a substantial showing that Griffin has made the proceeds of his drug trafficking unavailable for forfeiture, rendering 362 Wolcott Street subject to forfeiture as a substitute asset. In fact, this is precisely the reason that the United States filed a bill of particulars specifically naming 362 Wolcott Street, as well as several vehicles and cash belonging to Griffin -- these are is the

-10-

only substantial assets of which the United States is aware that
would be subject to a forfeiture sentence.  In addition, while, on
the facts recited above, the United States has made an initial
showing that 362 Wolcott Street would be subject to forfeiture, the
Magistrate Judge is simply incorrect in suggesting that the United
States is required to prove every fact relating to forfeiture at
this early stage of the criminal action.

Similarly incorrect is the Memorandum's asserted distinction
between substitute assets and directly forfeitable assets.  While
it is true that to forfeit substitute assets, the United States
must make a different set of factual showings than those needed to
forfeit directly forfeitable assets, this has no bearing on
whether, under Massachusetts law, the suit is one that "affects
title or use or occupation of the property."  Moreover, once the
United States makes the required showings, the substitute asset is
statutorily subject to forfeiture as part of the criminal sentence.
The Magistrate Judge evidences her misunderstanding of this crucial
point, stating that substitute assets "may eventually be used to
satisfy a forfeiture judgment."  MJ Memo. at 4.  A forfeiture
judgment -- whether of substitute or directly forfeitable assets --
is not merely a lien or a separate action.  It is part of the
criminal action itself, making up part of the criminal sentence.
As the end of this criminal action, assuming the United States is
able to prove its case, the house will not be used to "satisfy" an

unrelated judgment or lien; it will be <u>the subject</u> of a forfeiture judgment that is part of a criminal sentence.  See *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999)(criminal forfeiture order may take several forms, including a money judgment, directly forfeitable property and substitute assets).

The distinction drawn by the Magistrate Judge between directly forfeitable and substitute assets is incorrect for another reason. The United States' right to forfeit substitute assets stems from Congress' determination, as embodied in the statute, that a defendant should not be able to evade criminal forfeiture by dissipating directly forfeitable assets, in which, under the statutory relation back doctrine, the United States obtains an interest at the time of the criminal acts giving rise to the forfeiture.  Based on the relationship between the two types of forfeitable assets, the Fourth Circuit has held that the United States' interest in substitute assets (as well as in directly forfeitable assets) vests at the time of the offense giving rise to the forfeiture.  *United States v. McHan*, 345 F.3d 262, 271 (4th Cir. 2003) ("the forfeiture of substitute property pursuant to 21 U.S.C. §853(p) relates back to the date of the acts giving rise to the forfeiture. . .")  Such a reading gives effect to the statutory instruction to construe the statute liberally "to effectuate its remedial purposes."  21 U.S.C. § 853(o).  Similarly, courts have held that the United States may use a variety of means to prevent

a criminal defendant from transferring property named as a forfeitable substitute asset.[3] See *United States v. Maxwell*, 189 F.Supp.2d 395 (E.D. Va. 2002)(if a defendant transfers property to a third party to prevent the United States from forfeiting it as a substitute asset, the United States may bring a civil lawsuit to void the transfer under 28 U.S.C. §3304 and 3306(a)); *United States v. Scardino*, 956 F.Supp. 774 (N.D. Ill. 1997)(defendant's attempt to transfer property to his wife after he was named as target of grand jury investigation in order to avoid forfeiture of property as substitute assets is void under section 853(c)).

For these reasons, the February 16, 2005 Memorandum incorrectly analyzes the meaning of the Massachusetts lis pendens statute. This criminal action, of which the substitute forfeiture allegation is an integral part, is manifestly a suit that "affects title or use or occupation of the property."

**The Purpose of the Massachusetts Lis Pendens Statute.**

In addition, the Memorandum of Decision construes the Massachusetts lis pendens statute so as to undermine its principal purpose, as articulated by the Massachusetts courts. The Magistrate Judge begins her discussion of the applicability of the lis pendens provision by incorrectly characterizing the lis pendens

---

[3]    In addition, based on a defendant's transfer of a substitute asset to avoid forfeiture, the United States may seek an obstruction of justice enhancement at sentencing. See, e.g., *United States v. Keeling*, 235 F.3d 533 (10th Cir. 2000).

provision as a species of state remedy "that may be available to secure assets prior to any conviction." Memo. at 3. This characterization is inconsistent with the fundamental underlying purposes of the Massachusetts lis pendens statute. The lis pendens statute is not intended to "secure assets." On the contrary, it is intended to provide notice to prospective purchasers that there is ongoing litigation which may affect the property in which they are interested. *Debral Realty*, 383 Mass. at 567, at 349 (noting the "simple notice function of the lis pendens procedure."). In *Debral Realty,* the Massachusetts Supreme Judicial Court stated:

> We stress that the landowner is not prohibited from alienating or encumbering the property subject to lis pendens. Although alienation may be more difficult, there is nothing to prevent the sale if the landowner can find a willing buyer.

383 Mass. at 565 n.9.

As recently explained by the Massachusetts Supreme Judicial Court in *Wolfe v. Gormally*, 440 Mass. 699, 802 N.E.2nd 64 (2004), the purpose of the statute is linked to its history. The "purpose of the statute is to remedy a harsh common-law lis pendens rule by ensuring that prospective buyers have the benefit of recorded notice of certain lawsuits." *Wolfe,* 440 Mass. at 702, 802 N.E.2nd at 67. Under the common law, before the first Massachusetts lis pendens statute was passed in 1877, the mere fact that a suit was pending in and of itself constituted constructive notice to prospective buyers. As a result, the rights of such buyers in the

property, depending on the outcome of the pending litigation, might be subject to the rights of whichever party ultimately prevailed in the lawsuit.  See *Haven v. Adams*, 90 Mass. 363, 367 (1864) ("Lis pendens is notice to all the world"); *Hawes v. Howland*, 136 Mass. 267, 270 (1884).  The lis pendens statute altered this background rule, providing that a buyer acquiring an interest in a property subject to a pending suit was not bound by the ultimate judgment, unless a memorandum of lis pendens was filed in the registry of deeds.  See *Wolfe*, 440 Mass. at 702, 802 N.E.2nd at 67.

The equitable underpinnings of the lis pendens statute are obvious.  Considerations of fairness to potential buyers require that they be alerted to the fact that a property in which they are interested is the subject of a legal dispute, as the result of which, and depending on which party prevails, the potential buyer's rights may be affected.  The notice provided by a lis pendens ensures "that a prospective third-party transferee can, with the exercise of reasonable prudence, acquire information relevant to a decision whether to consummate the transaction." *Debral Realty* at 562.  As the *Debral Realty* court elaborated, "a memorandum of lis pendens does nothing that a conscientious seller of property would not do as a matter of course." *Debral Realty* at 566, 348.  Thus, under the lis pendens statute, "[t]he landowner is being deprived of . . . the ability to alienate property without informing the prospective transferee of the existence of litigation involving the

-15-

property." Debral Realty at 566, 348.

Here, the underlying purposes of notice and fairness to potential buyers are undermined by the Magistrate Judge's decision, which would keep potential buyers in the dark about pending criminal litigation, by not allowing lis pendens to be issued for certain types of property that are specifically designated as subject to forfeiture in the event of a criminal conviction. It is notable that the information provided by the lis pendens was apparently valuable to the potential lender in this case, which, once it learned of the pending litigation, made a determination not to grant a mortgage on 362 Wolcott Street. The Magistrate Judge's decision in this case would deprive those parties in the position of the potential lender in this case of relevant information, and, more importantly, information that the Massachusetts legislature has made a policy judgment that they should have. See *Heller*, 40 Mass.App.Ct at 366 (noting that, because of the issuance of a lis pendens, a creditor, alerted to the pending litigation, can take steps, if possible, to seek additional security for a debt).

For the foregoing reasons, the United States files these objections to the Magistrate's Memorandum and Order of Decision of February 16, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Jennifer H. Zacks

-16-

JENNIFER H. ZACKS
Assistant U.S. Attorney


## CERTIFICATE OF SERVICE


This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Max Stern, Esq.
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street
Boston, MA 02114-2022

This 3rd day of March, 2005.


/s/Jennifer H. Zacks
Jennifer H. Zacks
ASSISTANT UNITED STATES ATTORNEY