UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Cr. No. 03-10404-NG |
| | ) | |
| MICHAEL S. GRIFFIN and | ) | |
| RONALD J. CAVALIERE | ) | |
| | ) | |

---

**DEFENDANT MICHAEL S. GRIFFIN'S RESPONSE TO GOVERNMENT'S
OBJECTIONS TO ORDER REMOVING LIS PENDENS**

The Government has sought review of the order of the Magistrate Judge to remove a notice of lis pendens on defendant's home.  The Government does not allege that the property is directly forfeitable as a tainted asset.  It claims no current legal interest in the real estate.  Instead, it hopes to obtain a forfeiture verdict as to some other, directly forfeitable, property of the defendant and then intends to seek forfeiture of the home as a substitute asset.  Since use of the lis pendens procedure was clearly improper for this purpose, the order must be affirmed.

**STATEMENT OF THE CASE**

The defendant was originally indicted in the Eastern District of Virginia on October 23, 2003.  The indictment charged defendant and another, one Ronald J. Cavaliere, with conspiracy to distribute cocaine and marijuana between 1998 and 2002.  In a forfeiture count, the indictment sought forfeiture of:

> any property constituting, or derived from, any proceeds the
> defendant obtained, directly or indirectly, as the result of such
> violation; and any property used, or intended to be used, in any
> manner or part, to commit, or to facilitate the commission of, such
> violation, including but not limited to:

> 1. The sum of $595,000, representing the joint and several amount

of their illegal drug proceeds; and

As to RONALD J. CAVALIERE only:

2.  All that lot or parcel of land, together with its buildings,
appurtenances, improvements, fixtures, attachments and
easements, located at 9 Wildwood Drive, Milford, Massachusetts
o1757, said premises being more particularly described in a Deed
recorded in Book 15524, Page 145, at the Worcester District
Registry of Deeds, in the Commonwealth of Massachusetts..

(Exhibit A).

On October 27, 2003, the Government moved in the Eastern District of Virginia for an ex
parte finding and endorsement of a notice of lis pendens to be recorded against property owned
by the defendant and his wife, at 362 Wolcott Street, in Newton.  This is the home of defendant
and his family.  The proposed notice recited that the indictment alleged forfeiture of $595,000 in
cash and that the real property was sought as a "substitute asset" pursuant to 21 U.S.C. §853(p).
This was allowed and the notice was recorded.  (Exhibit B).

On March 2, 2004, the Government filed a Bill of Particulars in this case stating its
"intent to seek forfeiture" of defendant's home.  (Exhibit C, p. 2).

Thereafter, the grand jury, in this district, returned a superceding indictment, adding two
other defendants.  This, too, contains a forfeiture count, seeking forfeiture of

(1) any and all property constituting or derived from any proceeds
the said defendants obtained directly or indirectly as a result of the
charged offenses; and (2) any and all property used or intended to
be used in any manner or part to commit and to facilitate the
commission of the offenses.

As in the original indictment, there is no reference in the indictment to the Newton property, or
any allegation that it was derived from proceeds or used in the offense.

On December 22, 2004, defendant moved to vacate the notice of lis pendens, after he was

denied a mortgage loan on his home, which he needed to cover his counsel fees in this case. (Exhibit D, ¶4).  In his motion below, defendant argued, inter alia, (1) that the lis pendens was not authorized under the forfeiture statute, 21 U.S.C. §853 et seq., and (2) that it was improper under M.G.L. c. 184, §15, made binding by 28 U.S.C. §1964.

In response, the Government conceded that neither 21 U.S.C. §853(e) nor (f), which set forth the provisional remedies under the statute, authorize the notice (since, in its view, the lis pendens "is not a 'seizure' or 'restraint' within the meaning of the statute")(Opposition to Motion to Remove Lis Pendens, p. 5) but contended, without citation of authority, that the Government has a  "contingent" interest and that this interest is sufficient under Massachusetts law to warrant recording of a lis pendens.  (Id., pp.5-6).

The Magistrate Judge allowed the defendant's motion.  She ruled that a notice of lis pendens is "not justified under Massachusetts state law, Mass. Gen. Laws ch. 184, §15":

> The Massachusetts lis pendens statute is not intended to provide notice of the general (potential) debt obligations of the property owner.  Rather, it applies only to claims "affecting title or use and occupation of property," i.e., "a claim brought on a plaintiff's own behalf to enforce 'some interest in the real estate[.]'" Wolfe v. Gormally, 440 Mass 699, 706, 802 N.E.2d 64, 70 (2004) (internal punctuation and citations omitted).  Thus, "in order for one to take advantage of the lis pendens statute he must be asserting in a judicial proceeding a claim on his own behalf of some interest in the real estate or some right to use and occupy it."  McCarthy v. Hurley, 24 Mass.App.Ct. 533, 536, 510 N.E.2d 779, 781 (1987). In the instant case, however, the government is not asserting any interest in the property per se, or any right to use and occupy it. Rather, the government is claiming that the real property, like any other assets belonging to the defendant, may, eventually, be used to satisfy a forfeiture judgment.  The lis pendens statute is not appropriate for such a claim.

Memorandum of Decision and Order (February 16, 2005).

On review, the Government argues (1) that it has a sufficient interest in the property; (2) that, contrary to its position below, the notice is justifiable "as a means to prevent a criminal defendant from transferring property named as a forfeitable asset," (Government's Objections, p. 12); and (3) (contrary to (2)), that the lis pendens is a mere notice without any effect on the owner's ability to alienate or encumber the property.  (Id., pp. 13-16.)

## ARGUMENT

The order of the Magistrate should be affirmed because the notice is not authorized by either state or federal law.

### I.      The Lis Pendens Is Not Authorized by Massachusetts Law.

#### A.      The Nature of the Government's Claim.

In order to analyze the issue in this case, one must note the difference between types of forfeiture claims.  21 U.S.C. §853 provides for forfeiture of two types of property.  Subsection (a) authorizes criminal forfeiture of certain categories of "tainted" property, that is, property which is: (1) the proceeds of a violation; or (2) is used to commit a violation; or (3) constitutes an interest in a continuing criminal enterprise.  Such forfeitable property is to be alleged in the indictment.  Fed.R.Crim.P. 7 (B)(2).  In addition, 21 U.S.C. §853(p) authorizes forfeiture of substitute assets –  which is "any other property of the defendant" – when, as a result of an act or omission of the defendant, the subsection (a) property is no longer available.

Under the statutory scheme there is a fundamental doctrinal distinction between the Government's interest in tainted and substitute assets.  Under §853(c), all right, title, and interest in tainted, i.e., subsection (a), property vests in the government as soon as the violation is

-4-

committed.[1]  See United States v. Monsanto, 491 U.S. 600, 613 (1989).  By contrast, however,

the government acquires no claim to substitute assets until it obtains an order for forfeiture of the

subsection (a) property, determines its unavailability, and then obtains a substitute order from the

court.  See §853(p); United States v. Saccoccia, 165 F.Supp.2d 103,113 (D.R.I. 2001)(forfeiture

of substitute assets does not "relate back" to time of crime), other portions of judgment vacated

on other grounds, 354 F.3d 9 (1st Cir. 2003).[2]  Substitute assets do not become forfeitable until the

government attempts to take possession of the tainted property identified in a forfeiture verdict

and the court then determines the requirements of subsection (m) are satisfied.  E.g., United States

v. Hurley, 63 F.3d 1, 23 (1st Cir. 1995); United States v. Saccoccia, 165 F. Supp.2d at 109-110 .

---

[1]  Subsection 853(c) provides:  "All right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section."

[2]  The Government did not appeal this portion of the judgment.  354 F.2d at 12, n.1.  That decision is clearly correct.  Unlike §853(c) there is no provision for relation back of property forfeited as a substitute asset.  The 853(c) relation back provision was seen by the drafters of the statute as a "codification of the 'taint' theory that has long been recognized in forfeiture cases." S.Rep.No. 98--225, 98th Cong., 1st Sess. 200-01, p. 200 (1983)(referring to identical provision in 18 U.S.C. §1963(c)).  Since substitute assets are not tainted, by definition, the relation back doctrine does not apply to them.

The Government cites  United States v. McHan, 345 F.3d 262, 271 (4th Cir. 2003) for the proposition that forfeiture of a substitute asset does relate back.  The holding is based upon the Fourth Circuit's an idiosyncratic view of substitute asset forfeiture, the reasoning of which has been rejected by every other circuit to consider it.  See infra at Part II .

**B.      Massachusetts Law Does Not Authorize a Lis Pendens For a Substitute
Asset Forfeiture Claim.**

Massachusetts law regulating the recording of a lis pendens is binding by virtue of 28

U.S.C. § 1964.[3/]  State law, however, specifically prohibits the use of a lis pendens in this

situation.  Under Massachusetts law, a court may allow a lis pendens only "if the subject matter of

the action constitutes a claim of a right to title to real property or the use and occupation thereof,"

M.G.L.c. 184, §15(b) and if the action "affect[s] the title to the real property or the use and

occupation thereof."  M.G.L.c. 184, §15(c).  This means that the plaintiff seeking a lis pendens

must be able to assert "some interest in the real estate."  See Wolfe v. Gormally, 440 Mass. 699,

706 (2004); McCarthy v. Hurley, 24 Mass.App.Ct. 533, 536 (1987); Siegemund v. Building

Commissioner of Boston, 263 Mass. 212, 214 (1928)("The action . . . which is within the scope of

the statute is one where the right or title of the parties in some particular real estate, the subject

matter of the action or suit, is involved, and where the purpose of the proceedings is to determine

the title and rights of the parties.  It is to be assumed that the statute includes all actions and

proceedings . . . where title to a tract of land between parties is concerned and includes actions

---

[3/]  That statute provides:

> Where the law of a State requires a notice of an action concerning
> real property pending in a court of the State to be registered,
> recorded, docketed, or indexed in a particular manner, or in a
> certain office of county or parish in order to give constructive
> notice of the action as it relates to the real property, and such law
> authorizes a notice of an action concerning real property pending
> in a United States district court to be registered, recorded,
> docketed, or indexed in the same manner, or in the same place,
> those requirements of the State law must be complied with in order
> to give constructive notice of such an action pending in a United
> States district court as it relates to real property in such State.

and

proceedings to enforce a lien or encumbrance on real estate.").  In Massachusetts, in other words,

a plaintiff may not use the lis pendens procedure as a way to obtain security for a favorable

judgment in a claim not directly involving the real property.

   This is precisely what the government seeks to do here.  The Government claims no

presently existent interest in the real estate.  The only interest it claims is a "contingent" one; that

is, <u>if</u> it prevails on its forfeiture claim against tainted assets, it will <u>then</u> seek forfeiture of

substitute assets if necessary to satisfy the judgment.  In this respect, the Government's claim is

no different than any <u>in personam</u> claim against a defendant which does not involve a claim of

interest in the property itself – a claim for which a lis pendens is clearly unavailable.  The fact

that the Government has chosen to state its intentions in a Bill of Particulars adds nothing to its

claim.

   The Government's attempt to bring itself within the purpose of the lis pendens statute is

similarly flawed.  As it correctly points out, the original purpose of the statute was to protect a

buyer of property who would otherwise be subject to the outcome of a lawsuit to which it was not

a party.  What the Government fails to recognize, however, is that the only type of lawsuit which

ever threatened such a buyer was one claiming an interest in the property.  Under the common

law, "the mere existence of litigation involving title to real property was deemed constructive

notice to the world, so that anyone who purchased the disputed property while the suit was

pending was bound by the judgment ultimately rendered."  <u>Debral Realty, Inc. v. DiChiara</u>, 383

Mass. 559, 560 (1981).  On the other hand, if the lawsuit did not involve a claim of interest in the

property itself, then there was no threat to the buyer's title unless and until a lien was obtained

and was either recorded or actually known of by the purchaser.  Not surprisingly the statute limits

the authority to record a lis pendens to those cases where "some interest" in the real estate is

claimed.

## II.  The Lis Pendens Is Not Authorized by Federal Law.

Even if a notice of lis pendens were permitted by Massachusetts law, it is not authorized

by federal law, since the provisions in the statute for protective orders "to preserve the availability

of property," are not available for substitute assets.  See 21 U.S.C. §853(e).  The Government has

disavowed any reliance upon §853(e)(protective orders) or §853(f)(seizure warrant) because, it

says, the lis pendens is not a "seizure or a restraint" within the meaning of the statute.  Assuming

arguendo that this is true, the simple response is that no other provision authorizes the

Government to file a lis pendens.  In any event, it is quite apparent that a purpose and the effect of

the notice is indeed to restrain the defendant's ability to alienate or encumber the property.  The

effect is self-evident, and well recognized.  See Debral Realty, Inc. v. DiChiara, supra at 564.[4/]

The Government's purpose here is clearly revealed in its contention that the lis pendens can be

justified as a "means to prevent a criminal defendant from transferring property named as a

forfeitable substitute asset."  Government Objections, pp. 12-13.

The only authority to make a pretrial order "to preserve the availability" of property in

contemplation of a criminal forfeiture is found in §853(e)(1), but this section is limited by its

---

[4/]      "A memorandum of lis pendens, like an attachment of real estate,
temporarily restricts the power of a landowner to sell his or her
property, by depriving the owner of the ability to convey clear title
while the litigation is pending.  Besides burdening the right of
alienation, the existence of a lis pendens notice interferes with the
owner's ability to obtain financing on the property."

-8-

explicit terms to "property described in subsection (a)" and does not include the substitute property forfeitable under subsection (p). Thus, every circuit court to consider the issue, except the Fourth, has held that there is no authority for a protective order as to substitute property under this and other statutes with identical language. United States v. Gotti, 155 F.3d 144, 147 (2d Cir. 1998); United States v. Riley, 78 F.3d 367, 371 (8th Cir. 1996); United States v. Ripinsky, 20 F.3d 359 (9th Cir. 1994); In re Assets of Martin, 1 F.3d 1351 (3d Cir. 1993); United States v. Floyd, 992 F.2d 498 (5th Cir. 1993). Contra United States v. Billman, 915 F.2d 916 (4th Cir. 1990). The First Circuit has not decided this point, but it has ruled on a closely related issue, holding that the statute does not permit the government to obtain forfeiture of substitute assets transferred to a third party – relying on the same principle of statutory construction, to wit, that the explicitly limited authority to forfeit substitute assets "of the defendant," implies no authority for more. United States v. Saccoccia, 354 F.3d 9, 13 (1st Cir. 2003).

The Government obviously realizes that it cannot restrain or seize the house – as it has not even attempted to do it. But it should not be permitted to do indirectly what it is prohibited from doing directly.

## CONCLUSION

For the reasons set forth above, the order of the Magistrate Judge should be affirmed.

Respectfully Submitted,


/s/ Max D. Stern
Max D. Stern
BBO No. 479560
Lillian Hirales
BBO No. 652698
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, Suite 500

Boston, MA 02114-2022
(617) 742-5800

Dated:  March 22, 2005

G:\SSWG\GRIFFIN, M\Response to gov't objections to lis pendens order.wpd