UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )      No. 03-10404-NG
                              )
                              )
                              )
      v.                      )
                              )
1. MICHAEL GRIFFIN,           )
          Defendant.          )

**GOVERNMENT'S NOTICE OF INTENT TO CROSS-EXAMINE MICHAEL
GRIFFIN OR, IN THE ALTERNATIVE, TO MOVE TO STRIKE HIS AFFIDAVIT**

The United States of America, by and through its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Rachel E. Hershfang, Assistant U.S. Attorney, hereby notifies the Court and the parties that, in the hearing to begin tomorrow on Michael Griffin's ("Griffin") motion to suppress statements and evidence, the government intends to cross-examine Griffin on the matters outlined in his affidavit filed in support of the motion. In the alternative, if Griffin does not take the witness stand, the government will ask the Court to strike Griffin's affidavit.

As is required by L.R. 7.1(B)(1) ("Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion"), Griffin filed an affidavit in support of his motion to suppress. See docket entry no. 108. In so doing, Griffin raised issues of fact that must be resolved by means of an evidentiary hearing. It is the government's expectation that Griffin will take the witness stand

at tomorrow's hearing so that he may be questioned about the subject-matter of this affidavit.  Specifically, the government intends to cross-examine him about the arrest and the search that he says occurred at that moment; about his receiving his Miranda rights; about the search of the safe in his home; and about the claimed presence of his son on the scene, as well as other matters set forth in his affidavit.

The government has a right to "test the truth of [Griffin's] direct testimony," submitted in the form of an affidavit.  United States v. Baskin, 424 F.3d 1, 3 (quoting United States v. Bartelho, 129 F.3d 663, 667 (1st Cir. 1997).  Here, as in Baskin, the matters set out in Griffin's affidavit form the sole basis on which the Court is asked to suppress evidence.  Without the affidavit, Griffin would have no motion.  Because the matters set out in the affidavit are crucial to the Court's analysis of the strength of Griffin's claim, and because the claimed facts are available from no other source, the government must be entitled to cross-examine Griffin.

If, in the alternative, Griffin declines to take the witness stand, or asserts a Fifth Amendment right and refuses to answer questions related to his affidavit, the government submits that the Court should strike his affidavit.  See Baskin, 424 F.3d at 3; Bartelho, 129 F.3d at 673 (not plain error for court to strike defendant's trial testimony when he refused to answer questions related to the details of his direct testimony, "thereby

undermining the prosecution's ability to 'test the truth of his direct testimony'" (citation omitted); <u>see also</u> <u>United States v. Gary</u>, 74 F.3d 304, 309-310 (1st Cir.) (collecting cases; noting that, in trial context,  "where ... a defense witness's claim of privilege shields material testimony from cross-examination, however, this balance weighs against the defendant." (at 310)).

Griffin cannot have his cake and eat it too.  If his affidavit is to be considered by the Court, he must be available for cross examination.  If he declines to take the witness stand, or to answer questions directly related to the subjects raised in support of his motion to suppress, the affidavit should be stricken.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

/s/ Rachel E. Hershfang
RACHEL E. HERSHFANG
Assistant U.S. Attorney

Dated: March 7, 2006


CERTIFICATE OF SERVICE

This is to certify that I have this day served upon counsel of record the foregoing by filing it electronically this 7th day of March, 2006.

/s/ Rachel E. Hershfang
RACHEL E. HERSHFANG
ASSISTANT UNITED STATES ATTORNEY