```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )     No. 03-10404-NG
                              )
                              )
                              )
     v.                       )
                              )
1. MICHAEL GRIFFIN,           )
          Defendant.          )
```

**GOVERNMENT'S MOTION TO CORRECT BRIEF**

The United States of America, by and through its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Rachel E. Hershfang, Assistant U.S. Attorney, hereby moves to correct a scrivener's error in its opposition to Michael Griffin's ("Griffin") motion to sever or, in the alternative, to dismiss.

In support of this motion, the government states as follows: on page three of that opposition (docket no.112), there is an erroneous mention of Griffin's name. The offending sentence reads as follows: "Cavaliere, who was intimately familiar with the details of Griffin's cocaine trafficking, as his recorded statements evidence, was primarily involved on the marijuana side of the business." Griffin's name should not appear in that sentence; rather, it should be replaced with the name "Fister" (Frank Fister).

A proposed corrected page three is attached hereto. The government respectfully requests that the Court strike the

original page three and replace it with the attached (in the alternative, the government would file a corrected brief, if that is easier for the clerk).

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney
                       By:
                                /s/ Rachel E. Hershfang
                                RACHEL E. HERSHFANG
                                Assistant U.S. Attorney

Dated: March 7, 2006

                            CERTIFICATE OF SERVICE

    This is to certify that I have this day served upon counsel of record the foregoing by filing it electronically this 7th day of March, 2006.

                                /s/ Rachel E. Hershfang
                                RACHEL E. HERSHFANG
                                ASSISTANT UNITED STATES ATTORNEY

Dismiss, or, Alternatively, to Sever ("Def. Mem.") [docket no. 103], Griffin took a total of at least 13 trips to Massachusetts to deliver truckloads of cocaine, beginning in January, 2000 and continuing until March of 2002.  In Texas, where he picked up the cocaine, Griffin met with Mirabal, or with his brother Ruben Mirabal.  See Exhibit 1, ¶¶36-38, 40-41, 43-44, 46-49.  Mirabal or his brother would deliver the cocaine to Griffin, who put it in the trunk of a rental car or in a rented truck.  See Exhibit 2 (Grand jury excerpt) at 28-29; Exhibit 3 (same) at 12-15.[1]  Veney, who was also responsible for delivering truckloads of cocaine, drove at least four such loads over the same approximate time period.[2]  See Exhibit 2 to Def. Mem.  He, too, met either Mirabal or Mirabal's brother to take delivery of the drugs in Texas.  Exhibit 2 at 22-25; Exhibit 3 at 10-12.

    Collado and Cavaliere played different, but equally important, roles.  Each of them was responsible for the dissemination of drugs once they had been transported to Massachusetts by Griffin or Veney.  Cavaliere, who was intimately familiar with the details of Fister's cocaine trafficking, as his recorded statements evidence, was primarily involved on the

---

[1] These exhibits have also been filed under seal for the reasons set out in the government's motion to seal.

[2] As is set out in Exhibit 1 hereto, ¶¶33-35, Veney transported a number of loads of cocaine before the charged period as well.