UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES,            )
                                    )
             v.                     )                    CRIMINAL NO. 03-10404-NG
                                    )
MICHAEL GRIFFIN, et al.   )
_____)

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR A PROTECTIVE ORDER REGARDING
<u>ALIBI DEFENSE INFORMATION</u>**

<u>**INTRODUCTION**</u>

This is a case in which the Government has accused defendant and others of one count of

conspiring to possess with intent to distribute cocaine and marijuana.  The government accuses

Griffin, as well as others, of transporting cocaine supplied by Ruben and Rodney Mirabel and

purchased by Frank Fister.  In this case, the Government is seeking to compel defendant, through

an alibi demand, to provide evidence of where he was on specific dates even though the

Government has refused to state which particular defendant was at a particular place on any

particular date.

Defendant has moved for a Protective Order relieving him of the obligation to disclose to

the Government (1) the names and address of any witnesses he intends on calling to establish an

alibi defense; and (2) certain documents defendant intends to introduce in order to bolster his

alibi defense.  Because forcing defendant to comply with the demand for an alibi defense would

create an obligation on the part of the defendant to establish what the Government's case should

be, would violate Fed.R.Crim.P 12.1,  and violate defendants rights under the Fifth Amendment

to the United States Constitution, the motion should be granted..

## FACTS

Defendant Michael Griffin has been indicted, along with three others, on one count of Conspiracy to Possess With Intent to Distribute Cocaine and Marijuana, in violation of 21 U.S.C. § 846.[1/] The Superseding Indictment contains a single count which alleges that:

> From a date unknown to the Grand Jury, but no later than in on or about January, 2000, and continuing until on or about April 17, 2002 at Boston, and elsewhere, in the District of Massachusetts, and elsewhere,
>
> 1. MICHAEL GRIFFIN,
> 2. RONALD CAVALIERE,
> 3. WILLIAM DAVID VENEY, and
> 4. RICHARD COLLADO,
>
> defendants herein, knowingly and intentionally combined, conspired, and agreed with each other, and with persons known and unknown to the Grand Jury, to possess with intent to distribute and to distribute cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Discovery leads defendant to believe that the Government will contend that on certain dates between 1999 and April 2002, Griffin knowingly picked up cocaine supplied by Rodney and Reuben Mirabel in Texas and delivered it to Frank Fister in Boston. The Mirabels, as well as Fister, are expected to testify for the Government. The Government contends that on other dates in the same period, the other three defendants also transported drugs for Fister. Counsel for defendant is aware of no information suggesting that defendant Griffin had any involvement with any transaction involving the other defendants, nor they in any of his. Defense counsel is

---

[1/] On January 9, 2007, co-defendant Ronald J. Cavaliere entered a guilty plea.

aware of no evidence or claim that Griffin had any knowledge that there was any activity involving the other defendants.  Defense counsel is not aware of any evidence which would suggest that any one of the defendants was involved in all of the trips at issue.  Griffin's defense is that while he made some trips for Fister from Texas to Boston, he did not know that the packages contained drugs, and indeed had been told he had been driving legitimate cargo, and that he did not take as many trips as are being ascribed to him.

The Government is aware that Griffin contends that he did not make all the trips ascribed to him, and is aware that Griffin is in possession of material indicating that he could not have made certain of the trips.  See Affidavit of Kenneth M. Resnik, attached hereto as Exhibit 1. Counsel for the Government has also stated that it may be the case that certain of the trips the Government has contended Griffin is responsible for were, in fact, the responsibility of another of the defendants.  Id.

On January 4, 2007, the Government sent a letter to all defendants, demanding written notice of "any defendant's intention to offer a defense of alibi."  See Exhibit 2 hereto.  The letter, written to counsel for all four co-defendants, nowhere specifies which defendant was in a particular place at a particular date and time.  Instead, the letter first contends that times, dates, and places of the alleged offenses are "set forth in the superseding indictment in this case."  Id. The superseding indictment specifies no overt acts on the part of any defendant, however, as the only dates alleged are from "no later than" January 2000 until on or about April 17, 2002.  The alibi demand then states that:

> The government expects to introduce evidence that the
> defendants were involved in the transportation and distribution of
> narcotics on or around the dates listed below.  Unless otherwise
> noted, the dates correspond to narcotics transportation and

distribution between Texas and Boston.  (Dates with one asterisk involve transportation and distribution between Boston and Chicago; dates with two asterisks involve transportation and distribution within the Boston area).

**2000**
January 14-18; February 11-15; March 3-8; March 21-28; March 31 - April 4; April 19-25; May 19-23; June 16-20; July 14-18; September 1-5*; September 15-19; September 29 - October 3; and November 17-21.

**2001**
January 7; January 19-23; February 8-12*; March 9-13; May 18-23; July 2-6*; July 16**; August 17-21; and December 7-11; and December 13-17*;

**2002**
February 15-19; March 1-6; April 9-16; and April 17**.

Id.

## ARGUMENT

I.    **The Defendant Should Be Relieved of Any Obligation to Respond to the Demand Because the Government is Improperly Using the Alibi Demand as a Discovery Tool.**

The Government may not utilize an alibi demand to obtain information from a defendant as to his whereabouts without first alleging that defendant was present at a particular place at a particular time.  Instead, the Government seems to be making an effort to determine who might have made each trip - and what evidence might be had - the Government has forwarded a list of all trips to all defendants, asking each defendant, in effect, to account for his whereabouts on each date.  Indeed, the Government appears to be using the alibi demand as a fishing expedition to determine dates for which the defendant has an alibi defense, and then to shape its own case-in-chief accordingly.  This is an abuse of and a violation of Rule 12.1 and an outright violation of the Fifth Amendment.  Rule 12.1 is "not available as a device to be used for purposes of broad

-4-

discovery or to require a defendant to respond to alibi demands for time, place and date that are unnecessarily vague." United States v. Bickman, 491 F.Supp. 277, 279 (E.D. Pa. 1980).

Here, the Government could not intend to prove at trial that Griffin (or any other single defendant) was present during all of the trips listed in the alibi demand. There is no evidence that the defendants cooperated among themselves in making the trips. Further, discovery has not revealed any evidence which would indicate that defendant Griffin is implicated in many of the dates listed in the alibi demand. In effect, the Government seeks to have the defendant inform it where he was on particular dates, and it will then decide whether to seek to implicate him in crimes which it alleges occurred on those dates.

The Fifth Amendment protects the defendant from being compelled to present the Government with proof of where he was on particular dates if the Government has no intention of showing that he committed an illegal act on such a date.        It is notable that the alibi demand in this case is not consonant with the Supreme Court's decision in Williams v. Florida, 399 U.S. 78 (1990). In that case, the Court found an alibi demand (made under state law) to be constitutional. Crucial to that case, however, was the acceleration doctrine. The Court essentially determined in Williams that there was no constitutionally significant compulsion where "at most," a defendant is "forc[ed] to divulge at an earlier date information that the [defendant] planned to divulge at trial." Id. at 85. That is not the case, here, however, since defendant might not choose to divulge this information at trial based on what the Government presented in its case. Here, the Government seeks to force the defendant to divulge evidence intended to help the Government hone its own case, which will then deny the defendant the opportunity to use that evidence at trial.

II.    <u>The Alibi Demand is Insufficient to Merit a Response</u>.

The Court should relieve defendant of his obligation to respond to the Government's alibi demand because it is insufficient and fails to comply with Fed.R.Crim.P. 12.1.  Fed.R.Crim.P. 12.1 provides, in relevant part:

> Upon written demand of the attorney for the government stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days . . . upon the attorney for the government a written notice of his intention to offer a defense of alibi. . . .

Fed.R.Crim.P. 12.1(a).

The Government's demand here does not comply with the rule, as it does not state which dates the Government believes the alleged offenses occurred as to each defendant.  As noted above, the Government has not, until this time, contended that Griffin took part in each alleged offense.  Unless he knows what specific offenses the Government contends he took part in, he is unable to determine whether he has an alibi for those dates.  Generally, defendants have challenged the Government's alibi demand on the grounds that it fails to state the time, date, and place of the alleged offense with sufficient specificity.  In the usual case, that is because the alibi demand contains too little information.  Here, on the other hand, the alibi demand contains both too much <u>and</u> too little information.  It does not allow the defendant to determine which offense he allegedly took part in, and thus fails to notify him of the dates he should produce alibi evidence for.

### III.    Defendant Should Be Relieved of His Obligation to Produce Not Only <u>Witnesses, But Also Documents</u>.

Because the Government seeks to use Rule 12.1 as a discovery device, and to tailor its case accordingly, defendant should be relieved of his obligation to produce not only a list of witnesses, but also documents which might otherwise be subject to discovery.  Of course, defendant is not able to ascertain whether particular documents will be necessary to introduce because the Government has, in effect, refused to specify which dates it believes defendant is responsible for.  Further, the documents in question will reveal - in most instances - the names and addresses of witnesses who might be called to assist in establishing the alibi, thus negating the reciprocity otherwise imposed by Rule 12.1.

### CONCLUSION

For the reasons above, Defendant's Motion for a Protective Order should be granted.

Respectfully submitted,

<u>/s/ Max D. Stern</u>
Max D. Stern
BBO No. 479560
Kenneth M. Resnik
BBO No. 637527
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022

Dated:  January 16, 2007

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that this document(s)
filed through ECF system will be sent
electronically to the registered participants
as identified on the Notice of Electronic Filing
(NEF) and paper copies will be sent to those
indicated as non registered participants on January 16, 2007.

  /s/Max D. Stern