UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES,                )
                              )
          v.                  )     CRIMINAL NO. 03-10404-NG
                              )
MICHAEL GRIFFIN, et al.       )
_____)

## MOTION FOR A BILL OF PARTICULARS

Pursuant to Fed.R.Crim.P. 7(f), defendant Michael Griffin moves this Court to order the Government to produce a bill of particulars.

### Factual Background

Michael Griffin is accused of one count of Conspiracy to Possess With Intent to Distribute Cocaine and Marijuana, in violation of 21 U.S.C. § 846. The Government contends, in essence, that Frank Fister was purchasing cocaine and marijuana from Reuben and Rodney Mirabal in Texas and distributing it in the Boston area. In order to transport the drugs from Texas to Boston, according to the Government, Fister engaged the defendants in this matter. Each defendant, the Government alleges, on certain occasions drove multiple kilograms of drugs from Texas to Boston for Fister. There is no information that defense counsel is aware of which would indicate that any of the defendants in the instant case ever worked together on any date.

Griffin's defense is simple. He made some trips for Fister, but was unaware of the contents. Griffin is the owner and operator of a legitimate moving business, "D2 Piano Movers." He is married, with three children. He has never been prosecuted or convicted for any other crime. His company specializes in moving pianos, but it also provides a wide range of other

moving services, including interstate and long-distance moves. His customers include Harvard University, other local universities, music conservatories, instrument companies, and well-known musicians. The company enjoys a considerable reputation for care. Griffin first met Fister in 1996, when the predecessor moving company, which Griffin co-owned, performed moving services for a realty company with which Fister was affiliated. On a handful of occasions Griffin drove trucks containing cartons packed by Fister or his associates from Texas to Boston – having been told on each occasion that the cargo was legitimate, but in need of careful handling. On each occasion, he delivered the cargo to Fister, in the Boston area, never opening the packages.

The evidence produced by the Government thus far has indicated that it will contend at trial that Griffin drove drugs to Boston on certain dates, and that other defendants drove drugs to Boston on other dates. The Government has resisted, however, explicitly stating what dates Griffin is responsible for.

In fact, the Government has sent to all defendants a demand for alibi which states that "[t]he Government expects to introduce evidence that the defendants were involved in the transportation and distribution of narcotics on or around the dates listed below." Exhibit 1. The dates listed are:

> **2000**
> January 14-18; February 11-15; March 3-8; March 21-28; March 31 - April 4; April 19-25; May 19-23; June 16-20; July 14-18; September 1-5; September 15-19; September 29 - October 3; and November 17-21.
>
> **2001**
> January 7; January 19-23; February 8-12; March 9-13; May 18-23; July 2-6; July 16; August 17-21; and December 7-11; and December 13-17;
>
> **2002**

February 15-19; March 1-6; April 9-16; and April 17.

Id.

Defendant has a valid alibi defense for some of these dates.  To wit, he can produce witnesses and evidence to show that he was engaged in the normal course of his business in Massachusetts and was not traveling out of state.

## Argument

### I. The Government's Failure to Produce a Bill of Particulars Will Result in Prejudice to the Defendant.

Bills of Particulars are designed to provide sufficient additional detail to enable an accused to mount an adequate defense, avoid double jeopardy, and prevent surprise at trial. United States v. Hallock, 941 F.2d 36, 40 (1st Cir. 1991).  In addition, commentators and the courts have suggested that a Motion for a Bill of Particulars is an appropriate remedy where an alibi demand is insufficiently detailed.  See Wright & Miller, Federal Practice and Procedure, § 129 (collecting cases).  Here, the defendant will be unable to mount an adequate defense, chiefly because the Government is forcing him to attempt to defend himself against allegations the Government does not plan on pursuing.  Defendant, as noted above, will be able to mount an alibi defense for certain of the dates, but is unable to ascertain for which dates the Government is alleging he was responsible.  The difficulty and expense of assembling such a defense for all of the possible dates, especially so close to trial, is prohibitive.  The Government is, in essence, seeking to have defendant assemble and disclose alibi evidence for all dates, thus allowing the Government to tailor its case to dates no alibi evidence relates to.  A Bill of Particulars would force the Government to state what it intends to prove at trial, at least as to overt acts, and avoid prejudice to the defendant, enabling him to mount an effective defense.  Finally, a Bill of

Particulars would remedy the insufficient alibi demand filed in this matter.

Respectfully submitted,

*/s/ Kenneth M. Resnik*
Max D. Stern
BBO No. 479560
Kenneth M. Resnik
BBO No. 637527
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022

Dated:   January 18, 2007

Certificate of Service

  I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 18, 2007.

/s/ Kenneth M. Resnik

G:\SSWG\GRIFFIN, M\motion for a bill of particulars.wpd