```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                              )
                              )
                              )
     v.                       )
                              )   No. 03-10404-NG
1. MICHAEL GRIFFIN,           )
2. RONALD CAVALIERE,          )
3. WILLIAM DAVID VENEY, and   )
4. RICHARD COLLADO,           )
                              )
          Defendants.         )
```

**RESPONSE TO DEFENDANT MICHAEL GRIFFIN'S MOTION FOR A PROTECTIVE ORDER REGARDING ALIBI DEFENSE INFORMATION**

Now comes the United States of America, by its attorneys, Michael J. Sullivan, United States Attorney, and Rachel E. Hershfang and Nathaniel R. Mendell, Assistant U.S. Attorneys, and hereby submits its response to Defendant Michael Griffin's Motion For A Protective Order Regarding Alibi Defense Information.

Defendant Michael Griffin ("defendant") seeks a protective order relieving defendant of his obligation to disclose (1) the names and addresses of any witnesses defendant intends to call to establish an alibi defense; and (2) documents that defendant intends to introduce presenting an alibi defense. The basis for defendant's motion is his contention that the government's demand for written notice of alibi does not "state which particular defendant was at a particular place on any particular date."

1

Since the defendant filed his motion for a protective order, the government has sent defense counsel a second letter restating its demand for written notice of any defendant's intention to offer a defense of alibi, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure.  The government's second letter sets forth specific dates and locations and matches them with particular defendants.[1]  In this fashion, the government has now specified seven (7) date ranges (usually extending a day or two on either side of a particular weekend) on which the defendant traveled between Texas and Massachusetts.

The government's restated demand is sufficiently specific under Rule 12.1, particularly where each date range specified corresponds to long-distance transportation -- i.e., acts that occurred over a period of days. See, e.g., United States v. Bickman, 491 F. Supp. 277, 279 (D.C. Pa. 1980).  In Bickman, the defendant was charged with mail fraud; the charge was based in part on orders the defendant gave on April 14, 1975, to damage property.  Id. at 279.  The court found that the acts alleged in that case were "specific acts which two Government witnesses allegedly observed, were participants in and will testify to."

---

[1] The government's letter also makes clear that the government intends to introduce evidence from dates not listed in the letter, and that the government may not introduce evidence from all dates listed in the letter because the government is still analyzing evidence, including credit card and telephone records, and awaiting responses to subpoenas which will guide the government's case.

Id.  Thus, the government's alibi demand for a period spanning 10-11 hours on April 14, 1975, was deemed inadequate.  Id.

In its opinion, however, the court in Bickman made clear that not every case would require such a specific alibi demand. The court said that in cases where "the criminal acts occurred over a long period of time," the nature of the charge would "justifiably necessitat[e] a lack of specificity as to the time of the alleged offense in a demand for notice of an alibi defense."  Id.  The court explained that, for example, a continuing offense committed "over several days or a week-long period" is "not the type of crime subject to specific time demands other than extended periods."  Id.

In the captioned matter, the defendant is charged with participating in a conspiracy over the course of two years.  The defendant's participation in the conspiracy included several instances of long-distance transportation, each of which was necessarily committed "over several days or a week-long period." As set forth above, the government's alibi demand specifies date ranges (usually extending a day or two on either side of a weekend) on which the defendant made a "several days" trip between Texas and Massachusetts.  Because the date ranges in the government's alibi demand are narrowly tailored, the government's demand is sufficient to trigger the defendant's obligation to respond under Rule 12.1.  Id.

Because the government's demand for notice of alibi is now sufficiently specific as to the defendant, the defendant's motion should be denied as moot.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Nathaniel R. Mendell
       RACHEL E. HERSHFANG
       NATHANIEL R. MENDELL
       Assistant U.S. Attorneys

Dated: January 21, 2007

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to all those not participating in ECF.

<u>/s/ Nathaniel R. Mendell</u>
NATHANIEL R. MENDELL
