UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CRIM. NO. 03-10404-NG |
| | ) | |
| MICHAEL S. GRIFFIN, | ) | |
| RONALD CAVALIERE, | ) | |
| WILLIAM DAVID VENEY, | ) | |
| and RICHARD COLLADO. | ) | |

**MEMORANDUM IN SUPPORT OF MICHAEL S. GRIFFIN'S
SECOND MOTION TO SEVER**

Based on information gleaned in discovery as well as the Government's Second Alibi Demand, defendant Michael S. Griffin has renewed his motion to sever. Because joinder of Griffin for trial with his co-defendants would be extremely prejudicial, the Motion to Sever should be granted.

**FACTUAL BACKGROUND**

As has been set forth in previous pleadings, the Superseding Indictment in this matter is the end of a series of prosecutions stemming from the drug distribution activities of one Frank Fister. From in or about 1998 to April 2002, Fister purchased drugs (mostly cocaine, and some marijuana) from sources in Texas, arranged for shipment to Boston, and then sold to others.

This case was originally indicted in the Eastern District of Virginia, but then transferred here (over the government's objection). It involves the prosecution of Fister's alleged delivery persons and helpers, and is founded on the testimony of the kingpin himself and his major suppliers, all of whom are cooperating in an effort to reduce their sentences.

The Superseding Indictment contains a single count which alleges that:

From a date unknown to the Grand Jury, but no later than in on or about January, 2000, and continuing until on or about April 17, 2002 at Boston, and elsewhere, in the District of Massachusetts, and elsewhere,

    1. MICHAEL GRIFFIN,
    2. RONALD CAVALIERE,
    3. WILLIAM DAVID VENEY, and
    4. RICHARD COLLADO,

defendants herein, knowingly and intentionally combined, conspired, and agreed with each other, and with persons known and unknown to the Grand Jury, to possess with intent to distribute and to distribute cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Government's case

The government's evidence is that, in 1999 and until April 2002, Fister turned to these four defendants to transport his drugs. Until recently, defendant believed that the government was alleging the trips set forth in the margin.[1]  On January 19, the government sent an alibi

---

[1] The following dates are gleaned from charts presented to the Grand Jury. For purposes of this motion, we have not set forth the discrepancies revealed between the dates used in the charts and the dates emerging from discovery the government has supplied.

| Date | Defendant | Description |
|---|---|---|
| 9/25/99 | Veney | Cocaine and marijuana, San Antonio to Boston. |
| 10/30/99 | Veney | Cocaine. Dallas to Boston. |
| 12/11/99 | Veney | Cocaine. Dallas to Boston. |
| 1/16/00 | Griffin | Cocaine. Dallas to Boston. |
| 2/12/00 | Griffin | Cocaine. Texas to Boston. |
| 3/7/00 | Griffin | Cocaine. Texas to Boston. |
| ?/?/00 | Collado, Cavaliere | Marijuana. Texas to Boston. |
| 4/4/00 | Veney | Cocaine. Texas to Boston. |
| 5/20/00 | Griffin | Cocaine. Dallas to Boston. |
| 6/17/00 | Griffin | Cocaine. Dallas to Boston. |
| 7/15/00 | Veney | Cocaine. Dallas to Boston. |
| 9/4/00 | Collado | Cocaine. To Chicago |
| 9/16/00 | Griffin | Cocaine. Dallas to Boston. |
| 9/30/00 | Griffin | Cocaine. Dallas to Boston. |
| 11/18/00 | Veney | Cocaine. Dallas to Boston. |
| 1/20/01 | Griffin | Cocaine. Dallas to Boston. |

demand which does not include certain dates at all, changes the defendant allegedly responsible for certain dates, and adds dates that have not heretofore been at issue. Most importantly for purposes of this motion, the government now ascribes two trips (January 18-22, 2001 and March 9-14, 2001), to David Veney. These trips originally had been ascribed to Griffin.

### Michael Griffin's defense

Briefly, Griffin will present evidence that he was in Massachusetts, working for his own piano moving company, on dates on which the Government has (at least previously) claimed he was transporting drugs between Texas and Massachusetts. Griffin will also present evidence that witnesses the government presents had previously claimed, in sworn testimony, that Griffin had been driving cocaine from Texas to Boston on certain dates, but were now testifying that Veney had in fact been driving. Griffin will also present evidence that there was extensive communication between Veney and Fister on and around those dates.[2]

This evidence, of course, and the stark choice it forces on Griffin and Veney, result in conflicting defenses which must result in severance.

---

| Date | Person | Description |
|---|---|---|
| 2/9/01 | Collado | Cocaine. To Chicago. |
| 3/10/01 | Griffin | Cocaine. Dallas to Boston. |
| 5/19/01 | Griffin | Cocaine. Dallas to Boston. |
| 8/19/01 | Griffin | Cocaine. Dallas to Boston. |
| 12/8/01 | Griffin | Cocaine. Dallas to Boston. |
| 12/14/01 | Collado | Cocaine. To Chicago. |
| 2/16/02 | Collado | Cocaine. Mirabal delivers to Boston. |
| 3/02 | Griffin | Cocaine. San Antonio to Boston |
| 4/02 | Veney, Collado | Cocaine. Houston to Boston. |
| 4/17 | Collado | Cocaine. Transfer in Boston. |
| 4/17 | Cavaliere | Marijuana. Milford, MA. |

[2] That communication took place between Fister and a cellular telephone number Fister told the DEA he used to communicate with Veney concerning the transport of drugs.

**ARGUMENT**

**I.      Severance Should Be Granted Because Griffin and Veney Will Present Antagonistic Defenses.**

Severance should be granted pursuant to Fed.R.Crim.P. Rule 14 because Griffin and Veney will present antagonistic defenses. Griffin will contend that not only were Veney's financial interests aligned with Fister, but the evidence indicates that Veney actually made several of the trips the Government previously ascribed to Griffin. Veney, the undersigned expects, will argue to the jury that the government's evidence shows that those trips were - in fact - made by Griffin.

"To obtain severance on the grounds of conflicting defenses, a defendant has to demonstrate that the defenses are so irreconcilable as to involve fundamental disagreement over core and basic facts." United States v. Paradis, 802 F.2d 553, 561 (1st Cir. 1986). Here, the basic facts are in conflict. The evidence will be that Griffin was not a member of the conspiracy, but an innocent who was - on very few limited occasions - duped by Fister into transporting drugs under the guise of moving delicate merchandise. Griffin will also marshall evidence provided by the Government which shows that Veney and Fister had a longstanding business relationship which Fister used to arrange for drug transport, and that Veney and Fister were in close contact on dates on which Griffin was previously alleged to have been transporting drugs. In short, Griffin will argue that Veney was in fact transporting drugs which had been ascribed to Griffin, and that Fister (joined by the Mirabels) has sought to maximize Griffin's role in order to enhance their value as witnesses for the Government. Thus, the jury may inappropriately infer that one or both of the defendants are guilty. See United States v. Talavera, 668 F.2d 625, 630 (1st Cir. 1982).

Case 1:03-cr-10404-NG   Document 158   Filed 01/22/2007   Page 5 of 5

Veney, of course, can be expected to take the opposite tack. He will do everything in his power to show that Griffin played a larger role and was a knowing member of the conspiracy. He will, in effect, play a role as a second prosecutor, seeking to demonstrate to the jury Griffin's guilt. See Zafiro v. United States, 506 U.S. 534, 543 (1993)(Stevens, J., concurring).

Thus, the defenses of Griffin and Veney are conflicting and antagonistic. Each of them will be prejudiced by being tried with the other, and the motion to sever should be granted.

Respectfully submitted,

/s/ Kenneth M. Resnik
Max D. Stern
BBO No. 479560
Kenneth M. Resnik
BBO No. 637527
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022

Dated:   January 22, 2007

## Certificate of Service

I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 22, 2007.

/s/ Kenneth M. Resnik

-5-