UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CRIM. NO. 03-10404-NG |
| | ) | |
| MICHAEL S. GRIFFIN, | ) | |
| RONALD CAVALIERE, | ) | |
| WILLIAM DAVID VENEY, | ) | |
| and RICHARD COLLADO. | ) | |
| | ) | |

**DEFENDANT MICHAEL GRIFFIN'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANTS' DRUG USE AND PURCHASE**

**Introduction**

The Government has filed a Motion in Limine seeking to admit testimony of what it refers to as "uncharged drug activity" by defendant Michael Griffin (and his co-defendants). Because this evidence has no probative value which would make it admissible, and because it is in any event unfairly prejudicial, the evidence must be excluded.

**Facts**

This is a case in which each of the defendants is charged with one count of conspiracy to possess with intent to distribute cocaine and marijuana. The Government essentially alleges that each of the defendants was responsible for driving shipments of cocaine and marijuana between Texas (and, in some instances, Chicago) and Boston. The Government's case is premised entirely on the testimony of three cooperating witnesses. Two (referred to in the Government's motion as CW-2 and CW-3) who were supplying the drugs in Texas, and one (referred to as CW-3) who was distributing the drugs in Boston. According to the Government, CW-1 will testify

that Veney introduced him to Griffin because "Griffin was looking for a cocaine source of supply." See Government's Motion, at 3. CW-1 would also testify, according to the Government, that CW-1 provided Griffin with cocaine and marijuana for his personal use. It is this testimony that the Government seeks to admit.

## Argument

**I.    The Standard for Admissibility of "Prior Bad Acts".**

"Prior bad acts" or uncharged conduct is generally inadmissible pursuant to Fed.R.Evid. 404(b), and is only admissible if it meets a prohibitive two part test. "First, a court must determine whether the evidence in question has any special relevance exclusive of defendant's character or propensity; and second, notwithstanding its special relevance, whether the evidence meets the standard set forth in Fed.R.Evid. 403." United States v. Landrau-Lopez, 444 F.3d 19, 23 (1st Cir. 2006)(quoting United States v. Decicco, 370 F.3d 206, 211 (1st Cir. 2004)). In order to meet the standard set forth in Fed.R.Evid. 403, of course, the probative value of the evidence must significantly outweigh any unfair prejudice to the defendant.

**A.    The Proffered Testimony Has No "Special" Probative Value.**

The government fails to show how its proffered evidence has any "special" probative relationship to the crime charged. Landrau-Lopez, 444 F.3d at 24, relied on by the Government, notes that in considering the "special relevance" of the bad act evidence, two factors are typically considered, the temporal proximity of the other acts and whether the other bad acts are "sufficiently similar" to the crime charged. In Landrau-Lopez, the defendant was charged with conspiracy to knowingly possess cocaine with the intention to distribute it, and defended the case by claiming ignorance of the cocaine. The district court allowed testimony by a cooperating

witness that prior to the act forming the basis of the conspiracy charge, he had paid the defendant to bring a suitcase full of cocaine on a flight from Puerto Rico to New York, and had paid defendant to "store" a large amount of cocaine prior to it being smuggled into the continental United States. Id. at 23. The First Circuit found no abuse in the admission of such evidence because "both of the alleged prior acts related to the smuggling of cocaine." Id. at 24. Here, in contrast, the alleged prior bad acts do not relate to the transport or delivery of cocaine and/or marijuana, but only with the personal use of those drugs. The other cases cited by the Government also only allowed evidence far more similar to the crimes charged. See United States v. Spinosa, 982 F.2d 620, 628 (1st Cir. 1992)(evidence of defendants' prior drug sales admitted to support conspiracy charges); United States v. Francesco, 725 F.2d 817, 822 (1st Cir. 1984)(prior conviction for cocaine trafficking admissible to show knowledge and intent to engage in cocaine trafficking.)

     The Government makes much of its claim that the proferred evidence relates to knowledge, and points to United States v. Flores Perez, 849 F.2d 1, 4 (1st Cir. 1988), for the proposition that "where…the other bad act evidence is introduced to show knowledge, motive, or intent, the Rule 404(b) exceptions to the prohibition against character evidence have been construed broadly." Id. In Flores, the First Circuit found inadmissible defendant's prior possession of a firearm to show intent and motive on a charge of aiding and abetting illegal firearms transactions. Even construing the prohibition against character evidence "broadly," the court was unable to find any "special" probative relationship between the prior act and the crime charged. Id.

### B. Any Probative Value of the Proffered Evidence is Substantially Outweighed by the Danger of Unfair Prejudice.

In order to be admissible, the probative value of the evidence must outweigh any unfair prejudice to the defendant. Here, the unfair prejudice is great while the probative value of the evidence is exceedingly small. Indeed, the evidence goes <u>only</u> to show a <u>propensity</u> to deal with illegal drugs, and is thus inadmissible.

In <u>United States v. Arias-Montoya</u>, 967 F.2d 708 (1st Cir. 1992), a large package of cocaine was found in the trunk of a car defendant was driving. The First Circuit rejected the admission of evidence of a prior conviction for possession of cocaine. The Court held that "the relevant test would appear to be whether someone with a past conviction for possessing twenty-eight grams of cocaine is more likely to know that there is a kilogram of cocaine in the trunk of the borrowed car he is driving than someone with no prior conviction . . . [t]he only connection . . .is one based on character." <u>Id</u>. at 711.

The danger of unfair prejudice is enhanced in the instant case, where there does not seem to be other evidence the Government will introduce as to knowledge or intent to participate in the conspiracy. "[T]he gravity of unfair prejudice is even more apparent" where "the prior [bad act] was not merely one part of the government's attempt to establish…state of mind…[but] the entire case." <u>United States v. Aguilar-Aranceta</u>, 58 F.3d 796, 803 (1st Cir. 1995)(charged with possession of cocaine with intent to distribute, probative value of evidence of defendant's prior conviction for possession of cocaine was substantially outweighed by danger of unfair prejudice).

**Conclusion**

For the forgoing reasons, the Government's Motion in Limine to Admit Evidence of Defendants' Drug Use and Purchase should be denied..

Respectfully submitted,

*/s/ Kenneth M. Resnik*
Max D. Stern
BBO No. 479560
Kenneth M. Resnik
BBO No. 637527
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022

Dated:   January 22, 2007

Certificate of Service

I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 22, 2007.