IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA        )
                                )
                                )
                                )
     v.                         )
                                )   No. 03-10404-NG
1. MICHAEL GRIFFIN,             )
2. RONALD CAVALIERE,            )
3. WILLIAM DAVID VENEY, and     )
4. RICHARD COLLADO,             )
                                )
          Defendants.           )
```

**RESPONSE TO DEFENDANT MICHAEL GRIFFIN'S
MOTION FOR A BILL OF PARTICULARS**

Now comes the United States of America, by its attorneys,
Michael J. Sullivan, United States Attorney, and Rachel E.
Hershfang and Nathaniel R. Mendell, Assistant U.S. Attorneys, and
hereby submits its response to Defendant Michael Griffin's Motion
For A Bill of Particulars.

Defendant Michael Griffin ("defendant") requests a Bill of
Particulars.  In light of the fact that defendant was long ago
provided with names of coconspirators known to the government,
Grand Jury and trial testimony and reports of debriefings and
proffer sessions with likely witnesses, extensive telephone and
credit card records of the defendant and coconspirators, ledgers
and calendars used by his coconspirators, and the time and scope
of the charged conspiracy, defendant's motion is only
gamesmanship and should be denied.

A bill of particulars serves three purposes: "to give the
accused details concerning the charges against him, enabling him
to prepare a defense; to prevent double jeopardy; and to avoid
surprise at trial."  United States v. Hallock, 941 F.2d 36, 40
(1st Cir. 1991); see also United States v. Abreu, 952 F.2d  1458,
1469 (1st Cir. 1992).  A request for a bill of particulars is not
an appropriate way of obtaining information on evidentiary
matters and is not designed to permit defendants to preview the
evidence or the government's theory of the case.   See United
States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974); Overton v.
United States, 403 F.2d 444, 446 (5th Cir. 1986); Hemphill v.
United States, 392 F.2d 45, 49 (8th Cir.); United States v.
Wolfson, 413 F.2d 804, 808 (2d Cir. 1969) (identities of persons
present at time of offense).  United States v. Remy, 658 F. Supp.
661, 669-70 (S.D.N.Y. 1987) (government not under any duty to
detail "precise manner in which crimes alleged in the indictment
were committed"); United States v. Finley, 705 F. Supp. 1272,
1278 (N.D. Ill. 1988) (government not required to provide
defendant with details of the evidence it intends to introduce or
the purposes for which it intends to introduce the evidence).

The decision of whether to grant a request for a bill of
particulars rests within the sound discretion of the trial court.
United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989); United
States v. Arboleda, 929 F.2d 858, 869 (1st Cir. 1991).

The test for granting such a motion is not whether the particulars sought would be "useful" to the defense but whether the information is "necessary." United States v. Guerrerio, 670 F. Supp. 1215, 1224 (S.D. N.Y. 1987). A bill of particulars should be granted only when the indictment is so vague that it does not comply with these purposes. United States v. Bloom, 78 F.R.D. 591, 599 (E.D. Pa. 1977); see United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985) (bill required only when indictment so general that it fails to advise defendant of the specific acts charged).

The defendant has sufficient information from the indictment and the discovery provided to date, and a bill of particulars is not warranted. See Hallock at 40. In Hallock, the court discussed the sufficiency of the indictment and discovery provided to a defendant charged with a conspiracy to distribute cocaine. The court said:

> [The defendant] was given the most relevant names- [the names] of his coconspirators. By informing [the defendant] that he was accused of a conspiracy in 1988, in Maine, to distribute cocaine and by listing the names of the four principal coconspirators, the indictment gave [the defendant] significant information as to the conduct out of which the indictment arose- namely, his alleged agreement and relationship with these four men aimed at distributing cocaine.

Id. The defendant in this case has this information. The government has furnished the defendant with extensive discovery, not limited to: grand jury and trial testimony of likely

3

witnesses against him, reports of debriefings of witnesses
against him, copies of detailed ledgers and calendars kept by
coconspirators, telephone toll records for phones used by
coconspirators, records of credit cards used by coconspirators,
airline records showing travel by the defendant and his
coconspirators, rental car records, and agent notes.  Three of
the likely witnesses against the defendant have pled guilty and
been sentenced; their plea agreements and supporting statements
of facts have been furnished to the defendant.

Furthermore, the defendant is charged with participating in
a wide ranging conspiracy that was carried out over many months
and in various places.  While the conspiracy included several
overt acts, "the government is not required to prove any of the
particular acts constituting the conspiracy," see United States
v. Williams, 809 F.2d 75, 80 (1st Cir.1986), cert. denied, *41,
482 U.S. 906 (1987), and "the absence of a statement of the
precise dates and locations of such acts does not necessarily
render the indictment impermissibly vague."  Hallock, at 41.

Because the defendant has been furnished with particulars of
the alleged offenses through the indictment itself and extensive
discovery, and because the defendant has sufficient information
to inform him of the criminal conduct with which he is charged, a
bill of particulars is neither necessary nor warranted.  See
United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983)

(government may obviate need for bill of particulars by

disclosing additional details about charges during discovery).

    The government respectfully requests that the motion be

denied.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                      By:
                                /s/ Nathaniel R. Mendell
                                RACHEL E. HERSHFANG
                                NATHANIEL R. MENDELL
                                Assistant U.S. Attorneys

Dated: January 22, 2007

### Certificate of Service

    I hereby certify that this document filed through the ECF
system will be sent electronically to the registered participants
as identified on the Notice of Electronic Filing (NEF) and mailed
to all those not participating in ECF.

                          /s/ Nathaniel R. Mendell
                              NATHANIEL R. MENDELL