UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) ) ) | |
| v. | ) ) | CRIM. NO. 03-10404-NG |
| MICHAEL S. GRIFFIN, RONALD CAVALIERE, WILLIAM DAVID VENEY, and RICHARD COLLADO. | ) ) ) ) ) ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MICHAEL S. GRIFFIN'S SECOND MOTION TO SEVER**

The government has claimed that judicial economy would not be served by severing Michael Griffin's case from that of his co-defendants since, it asserts, trial of a single defendant would not be significantly shorter than a trial with all three defendants. This, however, is clearly not the case. This can easily be seen through even a brief examination of the government's witness list:

<u>The cooperating witnesses</u>

The government's principal case will be presented through the testimony of three cooperating witnesses. The testimony each cooperating witness will offer against each of the defendants, however, is entirely severable. That is, each cooperating witness will offer testimony as to each defendant and the trips the witness claims that defendant made. They will not testify that any of the defendants worked together or made any trips together at any time.[1]

---

[1] Evidence as to trips made by co-defendants would not be relevant or probative in the trial of defendant Griffin's <u>criminal</u> <u>liability</u>. It would be relevant, if at all, as to the scope of the conspiracy in sentencing if there is a conviction.

### DEA agents, analysts, and police officers

Much of the testimony of these individuals will relate to Griffin only: Kennedy, Babbin, and Smith will testify concerning Griffin's arrest and statements allegedly made at that time. None of the government's witnesses have any percipient testimony as to any drug transaction, except as to the Cavaliere arrest, which has nothing to do with defendant Griffin's case. To the extent that the witnesses may be needed to testify as to their interviews of the cooperating witnesses, such testimony would be just as easily divided per defendant as that of the cooperating witnesses themselves. Otherwise, these government witnesses will testify as to drug analysis (as to which the defendant will stipulate) and analysis of telephone records and the like - none of which will take significant time and all of which can also be severed to apply to individual defendants.

### Witnesses concerning Michael Griffin only

At least four witnesses (Mary Tiedemann, Earl Ferguson, Thomas Sorrells, and Shari Sorrells) have information regarding Michael Griffin only.

### Defense testimony

Defendant Griffin expects to present a substantial defense, none of it applicable to other defendants - except, of course, to negate Veney's claims that Griffin made trips attributable to Veney.

Thus, it is clear that judicial economy would be no more served by trying the defendants together than separately.

> Respectfully submitted,
>
> */s/ Kenneth M. Resnik*
> Max D. Stern
> BBO No. 479560
> Kenneth M. Resnik
> BBO No. 637527
> Stern, Shapiro, Weissberg
>   & Garin, LLP
> 90 Canal Street, Suite 500
> Boston, MA 02114-2022

Dated:   January 23, 2007

<u>Certificate of Service</u>

I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 23, 2007.

> /s/ Kenneth M. Resnik