UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CRIM. NO. 03-10404-NG |
| | ) | |
| MICHAEL S. GRIFFIN, | ) | |
| RONALD CAVALIERE, | ) | |
| WILLIAM DAVID VENEY, | ) | |
| and RICHARD COLLADO. | ) | |
| | ) | |

**DEFENDANT MICHAEL GRIFFIN'S OPPOSITION TO THE
GOVERNMENT'S MOTION IN LIMINE TO ADMIT
STATEMENTS MADE ON OCTOBER 28, 2003 BY CHRISTINA GRIFFIN**

Introduction

The government has moved, in limine, to admit two statements it alleges were made by Christina Griffin on October 28, 2003, shortly after her husband was arrested. The first of these statements (offered through Detective Kennedy), is that Ms. Griffin "thought he [Michael Griffin] was bringing back artifacts on these trips." The second, offered through Detective Babbin (and never previously asserted) is that Ms. Griffin said to the defendant "You said you were done with this." Because the statements are not "excited utterances" within the meaning of the rule, the government's motion must be denied.

Facts

On October 28, 2003, Michael Griffin was arrested at his home by Detective Thomas Kennedy and Massachusetts State Troopers Tim Babbin and Michael Smith. Amended Memorandum and Order re: Motion to Suppress ("Amended Memorandum"). Christina Griffin - Michael Griffin's wife - was with him while he was being arrested. Id. Ms. Griffin testified that

her husband was brought into the dining room, and that he, the police, and Ms. Griffin all sat down. See March 27, 2006 Tr., at 9.  The police began giving Griffin his Miranda warnings, but Ms. Griffin testified that she interrupted several times to ask her husband questions.  Id. at 12-13. Detective Kennedy told Ms. Griffin to "shut up," and then directed Trooper Babbin to remove her from the room.  Id.  Once Ms. Griffin was in the adjoining room, she listened "carefully" to what her husband and the police were saying.  Id. at 35-36.

Ms. Griffin testified while she was "upset," she was "never hysterical.  I was just kind of – I get kind of just trying [sic] to stay calm and figure out what was going on type thing.  I'm not usually a type of person that panics."  Id. at 38.  When pressed with the point that this was not a "usual situation," Ms. Griffin testified "[y]eah, absolutely, but it's still the same . . . ."  Id.

## Argument

**I.     The Statements Do Not Qualify as "Excited Utterances".**

An excited utterance is defined as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Fed.R.Evid. 803(2).

### A.     The Statements Were Not "Excited" Ones.

Utterances which are deemed to be "excited" are admissible as an exception to the hearsay rule.  The rationale for this exception is "the belief that a person is unlikely to fabricate lies (which presumably takes some deliberate reflection) while his mind is preoccupied with the stress of an exciting event."  United States v. Tavares, 300 F.3d 532, 537 (1st Cir. 2004)(quoting United States v. Joy, 192 F.3d 761, 766 (7th Cir. 1999)).  Here, there is simply nothing to indicate that Ms. Griffin was so upset as to be preoccupied.  Indeed, she testified that she was trying to

"stay calm" and "figure out what was going on." She testified that she was "listening carefully" as her husband spoke to the police. There is no indication she was so upset by the arrest that she was distracted, preoccupied, or unable to focus. Thus, the statements should not be admitted as excited utterances.

      B.     **The Statements Do Not Relate to the Exciting Event**.

Even if the statements were "excited," however, they are inadmissible because they do not "relate" to the event which caused the excitement. There is no question that the only startling event here, if any, was the arrest of Michael Griffin. The statements by Christina Griffin the government seeks to introduce, however, relate to other things entirely. The first statement, that she believed that he was bringing back "artifacts" on these trips, relates to the trips themselves. It says nothing about the arrest. Equally, the statement that Trooper Babbin now says that Ms. Griffin made, "You said you were done with this," does not relate to, or say anything about, the arrest. Indeed, while the government seeks to have the jury draw an inference (presumably) that the statement relates to delivering drugs, the statement on its face does not relate to anything.

The rationale for the exception, as explained above, is that a person will be preoccupied by the exciting event, and thus would not lie _about_ that event. It does not follow, of course, that a person would not lie about _anything_ while in an excited state. Indeed, in none of the cases in which the First Circuit has determined that a statement may be admitted as an excited utterance was the relationship between the statement and the event as attenuated as it is here. See United States. v. Brito, 427 F.3d 53, 62-63 (1st Cir. 2005) (anonymous caller stated that she had "just" heard gunshots and seen a man with a gun); United States v. Rondeau, 430 F.3d 44, 48 (1st Cir.

2005) (911 calls reporting defendant had threatened declarant); United States v. Luciano, 414 F.3d 174, 179-80 (1st Cir. 2005) (hearsay statement of eyewitness, made to police officer, that man dressed in orange had pointed gun at witness and at man's girlfriend); United States v. Cruz, 156 F.3d 22, 30 (1st Cir. 1998) (woman's statement that defendant had assaulter her made to employee of battered women's shelter); United States v. Collins, 60 F.3d 4, 8 (1st. Cir. 1995) (witness' statement that the defendant stated his intention to come back with a shotgun); United States. v. Vasquez, 857 F.2d 857, 864 (1st Cir. 1988) (defendant's verbal response to co-defendant's denial that he knew defendant, which the court held was a startling event); United States v. Bailey, 834 F.2d 218, 228 (1st Cir. 1987)(statement by juror to neighbor that defendant had three minutes earlier offered juror a bribe); Puleio v. Vose, 830 F.2d 1197, 1203 -1204, 1207 (1st Cir. 1987)(defendant's name yelled out in response to question of "who had shot the gun" asked shortly after a shooting); McLaughlin v. Vinzant, 522 F.2d 448 (1st Cir. 1975)(statement made by co-defendant, who seemed hysterical, that defendant "just shot someone."); William C. Barry, Inc., v. Baker, 82 F.2d 79 (1st Cir. 1936)(statement of driver about accident, made at the place of the accident and immediately after it occurred).

  In all of these cases, the statement at issue related to the event clearly. In the instant case, the statements simply do not relate to the exciting event. They thus may not be admitted as excited utterances.

Conclusion

Because the statements at issue do not qualify as excited utterances, the government's Motion in Limine must be denied.

Respectfully submitted,

*/s/ Kenneth M. Resnik*
Max D. Stern
BBO No. 479560
Kenneth M. Resnik
BBO No. 637527
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022

Dated:   January 25, 2007

Certificate of Service

I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 25, 2007.