UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES,                )
                              )
        v.                    )      CRIMINAL NO. 03-10404-NG
                              )
MICHAEL GRIFFIN, et al.       )
_____)

**DEFENDANT MICHAEL GRIFFIN'S MOTION IN LIMINE TO EXCLUDE AS
EXHIBITS THE GOVERNMENT'S SUMMARY CHARTS**

Defendant Michael S. Griffin moves this Court to exclude from evidence as exhibits certain summary charts prepared by the government, which the government seeks to introduce as exhibits. While Griffin has no objection to these summary charts being part of the government's case in the nature of chalks, they should not be admitted as exhibits.

**Factual Background**

As briefly as possible, the government alleges that all three defendants transported cocaine and marijuana obtained by Frank Fister from Rodney and Ruben Mirabal. The government seeks to admit into evidence telephone records, as well as credit card records, airline and rental car agency records, and the "drug ledgers" kept by Fister and Mirabal. From these records, the government has culled certain data and combined that data into nine "summary charts," pre-marked as exhibits 66 through 74. Exhibit 66, for example, contains data from the Rodney Mirabal's "ledger," Fister's "ledger," Fister's credit card records, National Car Rental records, Airtran records, and Rodney Mirabal's travel records. It is intended to show, in the government's view, what happened in February 2000. The other charts are similar.

**Argument**

These summary charts should be presented to the jury only as demonstrative aids, or chalks, they should not be admitted into evidence as exhibits and the jury should not be allowed to have them during deliberations. The exhibits are inadmissible under Federal Rule of Evidence 1006, and under Federal Rule of Evidence 611 the jury should not be allowed to consider them during deliberations. The decision as to whether to admit the summaries and allow the jury to have them during their deliberations is wholly within the Court's discretion. "'It is hard to imagine an issue on which a trial judge enjoys more discretion than as to whether summary exhibits will be helpful.'" United States v. Milkiewicz, 470 F.3d 390, 398 (1st Cir. 2006)(quoting Fraser v. Major League Soccer, 284 F.3d 47, 67 (1st Cir. 2002)).

### I. The Charts Are Inadmissible Under Rule 1006.

The charts are inadmissible pursuant to Rule 1006 because the records are not so voluminous as to be inconvenient and the charts are prejudicial. Rule 1006 allows"[t]he contents of voluminous writings . . . which cannot conveniently be examined in court [to] be presented in the form of a chart, summary, or calculation." Fed.R.Evid. 1006. Evidence admitted under this rule must be otherwise admissible, and the proponent must show that the source materials are what they are claimed to be and that the summary is accurate. Milkiewicz, 470 F. 3d at 396. The summary charts must be nonprejudicial. Id. at 398. Here, the records are not so voluminous that they cannot be conveniently examined. There are, at most, several hundred pages of records, all conveniently sorted by date.[1] These records will be available to the jury during their

---

[1] In Milkiewicz, in contrast, there were literally thousands of pages of financial records involving a "complex" fraudulent scheme.

deliberations.

Finally, and perhaps more importantly, the charts are prejudicial. They are not intended to simply "summarize" the evidence, but to emphasize certain pieces of evidence out of context and draw the jury to the conclusion the government desires: that Griffin was knowingly transporting drugs. This is especially the case since the facts the summary charts - or at least those related to Griffin - supposedly seek to show, that Griffin took certain trips, are entirely undisputed. What the jury must consider, however, and what the summary blinds them to, is the context of the trip and the competing evidence regarding that context.

## II. The Jury Should Not Have the Charts During Deliberation Under Rule 611.

While the court may allow use of these summary charts under Rule 611, they ordinarily would not (and should not here) be considered by the jury during deliberations. Rule 611 provides that the court may exercise "reasonable control over the mode and order of . . . presenting evidence so as to (1) make the . . . presentation effective for the ascertainment of the truth . . . ." Fed.R.Evid. 611. A summary chart under this rule, typically used as a "pedagogical device," "must be linked to evidence previously admitted and usually is not itself admitted into evidence." Milkiewicz, supra at 397. Further, absent consent of the parties, such a chart would not ordinarily be considered during deliberations. Id. at n.14. There is no such consent here, and the charts should not be admitted as exhibits and should not be in the jury room during deliberations.

## Conclusion

Thus, because the summary charts are inadmissible as evidence under Rule 1006, and should not be allowed in the jury room under Rule 611, their use - if allowed at all - should be

limited to demonstrative aids or chalks.

>Respectfully submitted,
>
>*/s/ Kenneth M. Resnik*
>Max D. Stern
>BBO No. 479560
>Kenneth M. Resnik
>BBO No. 637527
>Stern, Shapiro, Weissberg
>  & Garin, LLP
>90 Canal Street, Suite 500
>Boston, MA 02114-2022

Dated: February 4, 2007

## Certificate of Service

I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 4, 2007.

>/s/ Kenneth M. Resnik