UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES,                      )
                                    )
           v.                       )        CRIMINAL NO. 03-10404-NG
                                    )
MICHAEL GRIFFIN, et al.             )
_____)

## DEFENDANT MICHAEL S. GRIFFIN'S REQUEST FOR JURY INSTRUCTIONS

Defendant requests that the Court include the attached instructions in its instructions to the jury. Defendant reserves the right to amend or supplement these requests.

                                Respectfully submitted,
                                */s/ Kenneth M. Resnik*
                                Max D. Stern
                                BBO No. 479560
                                Kenneth M. Resnik
                                BBO No. 637527
                                Stern, Shapiro, Weissberg
                                  & Garin, LLP
                                90 Canal Street, Suite 500
                                Boston, MA 02114-2022

Dated: February 21, 2007

### Certificate of Service

I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 21, 2007.

                                /s/ Kenneth M. Resnik

**Jury Instruction Request No. 1:**

**Oral Statement by Defendant**

You have heard evidence that [defendant] made [an oral statement to government agents] in which the government claims he admitted certain facts.

It is for you to decide (1) whether [defendant] made that statement and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made." [1]

When the prosecution introduces evidence of a defendant's oral statement without any contemporaneous verbatim transcript or recording of the question asked and the answer given, the jury should be cautioned that, because of the absence of any recording or transcript, they should weigh the testimony of what the defendant is alleged to have stated with great caution and care. [2]

---

[1] See Federal Jury Practice and Instructions, Pattern and Model Instructions - Criminal Pattern Jury Instructions First Circuit, 1998 Edition -2.10 Statements by Defendant.

[2] Commonwealth v. DiGiambattista, 442 Mass. 423, 448-449 (2004); Cf. United States v. Poutre, 646 F.2d 685 (1st Cir. 1980).

**Jury Instruction No. 2:**

**Impeachment by Prior Inconsistent Statement**

You have heard testimony that before testifying at this trial, [witness] made a statement concerning the same subject matter as his testimony in this trial. You may consider the earlier statement to help you decide how much of [witness's] statement to believe. If you find that the prior statement was not consistent with [witness's] statement at this trial, then you should decide whether that affects the believability of [witness's] testimony at this trial.[3/]

---

[3/] See Federal Jury Practice and Instructions, Pattern and Model Instructions - Criminal Pattern Jury Instructions First Circuit, 1998 Edition - 2.02 Impeachment by Prior Inconsistent Statement.

**Jury Instruction No. 3:**

**Evidence of Defendant's Prior Similar Acts**

You have heard evidence that Michael Griffin previously committed acts which you may consider to be bad acts, and which may have been crimes. You may not use this evidence to infer that, because of his character, Michael Griffin committed the crime charged in this case. You may consider this evidence only for the limited purpose of deciding whether the defendant acted knowingly, that is, whether he knew of the illegal goals of the conspiracy.

Remember, this is the only purpose for which you may consider evidence of Michael Griffin's prior acts. Even if you find that Michael Griffin may have committed acts in the past which were illegal, this is not to be considered as evidence of character to support an inference that defendant committed the acts charged in this case.[4]

---

[4] See Federal Jury Practice and Instructions, Pattern and Model Instructions - Criminal Pattern Jury Instructions First Circuit, 1998 Edition - 2.05 Evidence of Defendant's Prior Acts; United States v. Randazzo, 80 F.3d 623, 630 (1st Cir. 1996)..

**Jury Instruction No. 4:**

**Separate Consideration of Multiple Defendants**

A separate crime is charged against each defendant.  The charges have been joined for trial.  You must consider and decide the case of each defendant separately.  Your verdict as to one defendant should not control your verdict as to any other defendant.

All of the instructions apply to each defendant unless a specific instruction states that it applies only to a specific defendant.[5]

---

[5] See Federal Jury Practice and Instructions, Pattern and Model Instructions - Criminal Pattern Jury Instructions Ninth Circuit, 2003 Edition - 3.13 Separate Consideration of Single Count - Multiple Defendants; United States v. Houle, 237 F.3d 71, 76 (1st Cir. 2001).

**Jury Instruction No. 5:**

**Cooperating Witnesses**

There was testimony in this case from cooperating witnesses, that is to say witnesses who provided evidence under agreements with the government and who also participated in the crimes that are the subject of the charges. You should consider the testimony of these individuals - Frank Fister, Ruben Mirabal, and Rodney Mirabal - with particular caution. They may have a reason to lie or exaggerate what others did in order to help themselves.[6]

---

[6] See Federal Jury Practice and Instructions, Pattern and Model Instructions - Criminal Pattern Jury Instructions First Circuit, 1998 Edition - 2.07 Caution as to Cooperating Witness.

**Jury Instruction No. 6:**

**Indictment is Not Evidence**

The charge against Michael Griffin is contained in an indictment. The indictment is simply the description of the charge against the defendant; it is not evidence of anything. Michael Griffin pleaded not guilty to the charge and denies committing the crime. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.[7]

---

[7] See Federal Jury Practice and Instructions, Pattern and Model Instructions - Criminal Pattern Jury Instructions First Circuit, 1998 Edition - 1.02 Nature of Indictment.

Jury Instruction No. 7

Conspiracy - 21 U.S.C. 846

Michael Griffin is charged with conspiring to commit a federal crime - specifically, the crime of possessing with the intent to distribute cocaine and marijuana. It is against federal law to conspire with someone to commit this crime.

In order to find that Michael Griffin is guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

*First*, that the agreement specified in Count 1 of the Indictment, and not some other agreement or agreements, existed between at least two people to conspire to possess with the intent to distribute cocaine and marijuana; and

*Second*, the Michael Griffin willfully joined in that agreement.

**First Element: Existence of a Conspiracy**:

The first element the government must prove, beyond a reasonable doubt, is the existence of a conspiracy to possess with the intent to distribute cocaine and marijuana. A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

**Second Element:**   **Willful participation in the conspiracy with the specific intent to disobey the law**

The second element the government must prove beyond a reasonable doubt is that the defendant participated in the conspiracy willfully, that is, with the intent to disobey the law and commit the crime of possessing with the intent to distribute cocaine and marijuana. To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed. That is to say, with bad purpose, either to disobey or disregard the law. Participation in the alleged conspiracy that occurs by ignorance, accident or mistake is not willful participation. Thus, if Michael Griffin acted in good faith, he cannot be guilty of the crime, even if he was mistaken in this belief. The burden to prove intent, which includes proof that the defendant did not act in good faith, as with all other elements of the crime, rests with the government. The government must prove two types of intent beyond a reasonable doubt before defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances. Proof that defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a

conspirator. Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.[8]

---

[8] See Federal Jury Practice and Instructions, Pattern and Model Instructions - Criminal Pattern Jury Instructions First Circuit, 1998 Edition - 4.03 Conspiracy.