UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA        )    Cr. No. 03-10404-NG
                                )
                                )
                                )
       v.                       )
                                )
1. MICHAEL GRIFFIN,             )
3. WILLIAM DAVID VENEY, and     )
4. RICHARD COLLADO,             )
       Defendants.              )
```

<u>Government's Request For Jury Instructions</u>

The United States of America submits the attached jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure.  The government reserves its right to supplement or modify these requested instructions in light of the requests filed by the defendants and the evidence in the case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  <u>/s/ Rachel E. Hershfang</u>
     Rachel E. Hershfang
     Assistant U.S. Attorney
     Nathaniel Mendell
     Assistant U.S. Attorney

**TABLE OF CONTENTS**

Presumption of Innocence; Proof Beyond a Reasonable Doubt . . . . 1

What is Evidence; Inferences . . . . . . . . . . . . . . . . . . 3

Direct and Circumstantial Evidence . . . . . . . . . . . . . . . 4

What is not Evidence . . . . . . . . . . . . . . . . . . . . . . 6

Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . 8

Impeachment of Witness Testimony by Prior Conviction . . . . . 9

Caution as to Cooperating Witness Testimony . . . . . . . . . 10

Stipulations . . . . . . . . . . . . . . . . . . . . . . . . . 11

Variance -- Dates . . . . . . . . . . . . . . . . . . . . . . . 12

Language of the Indictment: Conjunctive and Disjunctive . . . 13

Reasonable Consideration . . . . . . . . . . . . . . . . . . . 14

Conspiracy -- Purpose of the Statute . . . . . . . . . . . . . 15

Elements of Conspiracy . . . . . . . . . . . . . . . . . . . . 17

Existence of a Conspiracy . . . . . . . . . . . . . . . . . . . 18

Membership in the Conspiracy . . . . . . . . . . . . . . . . . 22

Method of Proving Knowledge . . . . . . . . . . . . . . . . . . 25

"Willful Blindness" As a Way of Satisfying

    "Knowingly" Requirement . . . . . . . . . . . . . . . . . . 26

Conspiracy to Distribute: Drug Quantity . . . . . . . . . . . 27

Stake in the Outcome . . . . . . . . . . . . . . . . . . . . . 28

Acts and Declarations of Co-conspirators . . . . . . . . . . . 29

Statements by Defendant . . . . . . . . . . . . . . . . . . . . 31

Submitting the Indictment . . . . . . . . . . . . . . . . . . . 32

Punishment . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Return of Verdict Form  . . . . . . . . . . . . . . . . .  34

**Proposed Instruction:**
**Presumption of Innocence; Proof Beyond a Reasonable Doubt**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendants before you have the benefit of that presumption throughout the trial, and you are not to convict either of them on a particular charge unless you are persuaded of their guilt on that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that a defendant is guilty of the crime or crimes with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to a defendant's guilt, it is your duty to acquit him.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt of a particular crime, you should vote to convict him.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.02 (1998 Edition).

2

**Proposed Instruction:**
**What is Evidence; Inferences**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

The evidence in this case includes facts to which the parties have agreed or stipulated. A stipulation means simply that the government and the defendants accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §§ 3.04, 2.01 (as to stipulations) (1998 Edition).

3

**Proposed Instruction:**
**Direct and Circumstantial Evidence**

There are two types of evidence that you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence.  Direct evidence is where a witness testifies to what he saw, heard or observed.  In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses -- what he sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.

As you were sitting here, someone walked in with an umbrella, dripping wet.  Somebody else then walked in with a raincoat, also dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of facts I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.  Inferences are deductions or conclusions which reason and common sense lead you to draw from

4

the facts as established by the evidence.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.  In reaching your verdict it is permissible to draw and rely upon inferences from the evidence.

L. B. Sand, <u>Modern Federal Jury Instruction: Criminal</u>, ¶5-2 (1990).

5

**Proposed Instruction:**
**What is not Evidence**

Certain things are not evidence.  I will list them for you:

(1)  Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3)  Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5)  The indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  In this case, there were subsequent charges which are contained in the Superseding Indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That

6

indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that these defendants have been indicted is no evidence whatsoever of their guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.08 (1998 Edition).

7

**Proposed Instruction:**
**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**Proposed Instruction:**
**Impeachment of Witness Testimony by Prior Conviction**

You have heard evidence that certain witnesses have previously been convicted of a crime. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to those witnesses' testimony.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.03 (1998 Edition).

**Proposed Instruction:**
**Caution as to Cooperating Witness Testimony**

You have heard the testimony of Frank Fister, Ruben Mirabal, and Rodney Mirabal, who acted as cooperating witnesses for the government in this case. Some people in this position are entirely truthful when testifying. Still, you should consider this testimony with care and caution. When evaluating the credibility of such a witness, you may consider whether, to be helpful to law enforcement, he had reason to make up stories or exaggerate what others did.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.07 (1998 Edition).

**Proposed Instructions:**
**Stipulations**

Throughout the trial the parties may have stipulated to one or more facts.  This means that the parties agree on the existence of those facts.  You should therefore treat those facts as having been proven.

**Proposed Instruction:**
**Variance -- Dates**

You will note that Count One of the indictment charges that the conspiracy began at "a date unknown," but "no later than on or about January, 2000" and continued to "on or about April 17, 2002."

It does not matter if the indictment charges that specific acts occurred in or around a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the indictment and the date established by testimony or exhibits.

L. B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, 53-12 (1990).

  <u>United States v. Brody</u>, 486 F.2d 291 (8th Cir. 1973), <u>cert</u>. <u>denied</u>, 417 U.S. 949 (1974).

12

**Proposed Instruction:**
**Language of the Indictment: Conjunctive and Disjunctive**

Although the Superseding Indictment charges in the conjunctive "and," that is, it says that the defendants knowingly and intentionally conspired to possess with intent to distribute <u>and</u> to distribute cocaine <u>and</u> marijuana, the government only needs to prove these charges in the disjunctive "or."

In plain English, what this means is that, as to Count One, it is enough for the government to prove that a defendant conspired to possess cocaine with intent to distribute it, <u>or</u> that he conspired to distribute it -- the government need not prove both. Similarly, it is enough for the government to prove that a defendant conspired to possess marijuana with intent to distribute it, <u>or</u> that he conspired to distribute it -- the government need not prove both.

<u>United States v. McCann</u>, 465 F.2d 147, 162 (5th Cir. 1972); <u>Fields v. United States</u>, 408 F.2d 885, 887 (5th Cir. 1969).

13

**Proposed Instruction:**
**Reasonable Consideration**

In coming to your decision, you should consider the evidence the same way all reasonable persons would treat any question presented to them.  You are expected to use your good sense, consider the evidence in the case for only those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§15.01 (3d ed. 1977).

14

## Proposed Instruction:
## Conspiracy--Purpose of the Statute

A conspiracy is an agreement or mutual understanding knowingly made or knowingly entered into by at least two persons to violate the law by some joint or common plan or course of action. The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve some unlawful purpose.

The crime of conspiring to violate Title 21, United States Code, Section 846 -- that is, conspiring to possess with intent to distribute marijuana and cocaine -- is independent from the crime of actually possessing with intent to distribute marijuana and cocaine. The law refers to the object of the conspiracy -- in this case, the possession of marijuana and cocaine with intent to distribute -- as the substantive crime.

The crime of conspiring to possessing marijuana and cocaine with intent to distribute is separate and distinct from the substantive crime of actually possessing marijuana and cocaine with intent to distribute. The crime of possessing marijuana and cocaine with intent to distribute need not be completed in order to convict the defendant of conspiring to possess with intent to distribute marijuana and cocaine.

15

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of a particular venture.

Adapted from 1 L.B. Sand, Modern Federal Jury Instructions: Criminal, ¶19.01 (1993). United States v. Piper, 35 F.3d 611, 615 (1st Cir. 1994), cert. denied, 115 S.Ct. 1118 (1995)(defining "intent to commit" object of conspiracy as "an intent to effectuate the commission of the substantive offense. A defendant need not have had the intent to personally commit the substantive crime.")

**Proposed Instruction:**
**Elements of Conspiracy**

In order to satisfy its burden of proof on Count One of the Indictment, the government must prove three elements beyond a reasonable doubt:

<u>One</u>: that the conspiracy charged in the indictment existed;

<u>Two</u>: that each defendant knowingly and intentionally joined the conspiracy; and

<u>Three</u>: that each defendant intended that the possession of marijuana and cocaine with intent to distribute be accomplished.

17

**Proposed Instruction:**
**Existence of A Conspiracy**

To prove the first element of Count One, that a conspiracy existed, the government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in the Indictment. According to the indictment in this case, the unlawful purpose or object here was to possess cocaine and marijuana with intent to distribute it.

A conspiracy is an agreement, spoken or unspoken. A conspiracy does not have to be a formal agreement or plan in which everyone sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

The government must prove beyond a reasonable doubt that each defendant knew the essential purpose and aim of the conspiracy and willingly participated with the intent to try and accomplish that purpose. That is, the evidence must show beyond a reasonable doubt that each defendant and at least one other person in some way or manner, through some means, came to a mutual understanding to try and accomplish their common unlawful purpose and that they did so knowingly, willfully and intentionally.

In order for you to find that a conspiracy existed, you need not find that the alleged members of the conspiracy met together

18

and entered into any express or formal agreement.  Similarly, you
need not find that the alleged conspirators stated, in words or
writing, what their scheme was, its object or purpose, or every
precise detail of the scheme or the means by which its object or
purpose was to be accomplished.  It is sufficient if an agreement
is shown by conduct, by a wink, a nod, a handshake, or by a
silent understanding to share a purpose to violate the law.[1]

     A conspiracy is, by its very nature, usually secret in its
origin and in its execution.  Therefore, what the evidence in the
case must show beyond a reasonable doubt, in order to establish
proof that a conspiracy existed, is that the members in some way
or manner, positively or tacitly came to a mutual understanding
to try to accomplish a common and unlawful plan.  In essence,
there must have been an agreement.

     Since a conspiracy is by its very nature often secret,
neither the existence of the common agreement or scheme, nor the
fact of a defendant's participation in it, must be proved by
direct evidence; both may be inferred from circumstantial

---

     [1]     United States v. Sepulveda, 15 F.3d at 1173 ("There are no
particular formalities that attend this showing:  the agreement may be
express or tacit and may be proved by direct or circumstantial
evidence."); United States v. Pallindo, 203 F.Supp. 35, 37 (D.Mass.1962)
("An agreement may be shown by conduct, by a wink or a nod, by a silent
understanding to share a purpose to violate the law").

evidence.[2]  The common purpose or plan may be inferred from the

course of the dealing between a defendant and another alleged

conspirator.[3]  In this regard, you may, in determining whether an

agreement existed herein, consider the actions and statements of

all of those you find to be participants as proof that a common

design existed on the part of the persons charged to act together

for the accomplishment of an unlawful purpose.

     The Superseding Indictment alleges that the conspiracy

existed "[f]rom a time unknown . . . but at least by in or about

January, 2000, and continuing thereafter until on or about April

17, 2002."  In determining whether each defendant and at least

one other person conspired as charged, you need not find that the

conspiracy existed at the exact time or over the entire period

charged.  What must be proven beyond a reasonable doubt is that

the conspiracy was in existence for some period of time

reasonably near the time alleged or for some portion of the

period charged.

_____

   [2] <u>United States v. O'Campo</u>, 973 F.2d 1015, 1019 (1st Cir. 1992) (no
need for express agreement; circumstantial evidence sufficient).

   [3] <u>United States v. Rivera-Santiago</u>, 872 F.2d 1073, 1079 (1st. Cir.
1989), <u>cert. denied</u> 104 S.Ct. 3227 (1989) ("Because of the secretive
nature of the crime, it is recognized that the agreement may be
express or tacit.  The agreement, whether tacit or express, may be
proven by circumstantial as well as express evidence.  A common
purpose and plan may be inferred from a development and collocation of
circumstances").

You may find that the conspiracy charged did exist even if you find that there were changes in either the personnel (by the termination or withdrawal of one or more members, or the addition of one or more new members), or activities, or both, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purposes charged in the Indictment.  It is not necessary for you to find that the alleged co-conspirators joined the conspiracy at the same time,[4] or that all of the participants in the conspiracy knew each other, or that all members participated in the conspiracy at the same time in the furtherance of their criminal activities.  What is essential is that the criminal goal or plan have persisted without fundamental alteration, notwithstanding variations in personnel and their roles.

Adapted from 1 L. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, ¶19-4 (1993).

---

[4] <u>United States v. Bello-Perez</u>, 977 F.2d 664, 668 (1st Cir. 1992).

**Proposed Instruction:**
**Membership in the Conspiracy**

The second element the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that each of the defendants <u>knowingly</u> and <u>intentionally</u> became a member of the conspiracy, with the intent to further the unlawful purposes of the conspiracy.

A person acts "knowingly" and "intentionally" if he acts voluntarily and not because of ignorance, mistake, accident or carelessness.[5]

Proof that a defendant simply knew about a conspiracy or was present at times or associated with members of the group is not enough, even if he approved of what was happening or did not object to it. Mere associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, by itself, make someone a member of a conspiracy. Similarly, just because a defendant may have done something that happened to help a conspiracy does not make him a conspirator.

An individual may be found to be a part of a drug conspiracy even though he did not intend to, and did not, directly participate in actually possessing marijuana and cocaine with

---

[5]  Adapted from 1 L.B. Sand, <u>Modern Federal Jury Instructions:</u> <u>Criminal</u>, ¶3A-1 (1993).

22

intent to distribute, and even though he did not know the precise
extent of the enterprise.[6]  That is, it is not necessary that the
government prove that each member of a conspiracy knew the names,
identities or even the number of all of his confederates.  Nor
does the government need to prove that each member of the
conspiracy knew all of the details of the conspiracy.[7]  The
government need not prove that the defendant committed the
alleged acts so long as the government proves the three elements
of the charge of conspiracy beyond a reasonable doubt.[8]  The
government must prove, however, that each defendants knew the

_____

    [6]United States v. Piper, 35 F.3d 611, 615 (1st Cir. 1994) citing
United States v. Moosey, 735 F.2d 633, 635-36 (1st Cir. 1984)
(upholding conviction for conspiracy even though defendant personally
had not intended to, and did not, participate in the underlying
substantive offense of interstate trafficking).  See also, United
States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir.) ("an
individual could be found to be part of a conspiracy to possess and
distribute cocaine even though he neither directly participated in
interstate trafficking nor knew the precise extent of the enterprise.
The fact that he participated in one link of the distribution chain,
knowing it extended beyond his individual role, was sufficient").

    [7]Sepulveda, 15 F.3d at 1173 ("in a criminal conspiracy, culpability
may be constant though responsibilities are divided; the government does
not need to show as a precursor to a finding of guilt that a given
defendant took part in all aspects of the conspiracy.").

    [8]  United States v. Dannenburg, 980 F.2d 741 (10th Cir. 1992)
(numerous decisions recognize that a conspiracy conviction may be
supported by evidence of predicate acts different from those alleged
in the Indictment as long as no unreasonable surprise to defense);
United States v. Bello-Perez, 977 F.2d 664, 669 (1st Cir. 1992)
(although overt acts were gratuitously set forth in the Indictment,
the government is not limited at trial to proof of the alleged over
acts; nor is the Indictment rendered insufficient for failure to plead
other overt acts).

essential purpose and aim of the conspiracy and willingly participated with the intent to try and accomplish that purpose.[9] If he did, then he may be charged with what others may have done in execution of those purposes.[10]

---

[9]  Rivera-Santiago, 872 F.2d at 1079; United States v. Stubbert, 655 F.2d 453, 457 (1st Cir. 1981).

[10]  Rivera-Santiago, 872 F.2d at 1079; Angiulo, 847 F.2d at 969.

**Proposed Instruction:**
**Method of Proving Knowledge**

Your decision about whether each defendant knew the essential purpose and aim of the conspiracy involves a decision about his state of mind.  It is difficult to prove directly the operation of each defendant's state of mind, but you may consider all the facts and circumstances shown by the evidence, and make reasonable inferences from the evidence, to determine the defendant's state of mind.

Adapted from L. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, ¶56-01, Instr. 56-59 (1993).  Devitt & Blackmar, § 28.05; <u>United States v. Cintolo</u>, 818 F.2d 980, 1003 (1st Cir. 1987)(mere association not sufficient).

**Proposed Instruction:**
**"Willful Blindness" As a Way of**
**Satisfying "Knowingly" Requirement**

In deciding whether any defendant acted knowingly, you may infer that he had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him.  In order to infer knowledge, you must find that two things have been established.  First, that the defendant was aware of a high probability that the packages he transported contained controlled substances.  Second, that the defendant consciously and deliberately avoided learning of that fact.  That is to say, the defendant willfully made himself blind to that fact.  It is entirely up to you to determine whether any defendant deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn.  However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient.  There must be a deliberate effort to remain ignorant of the fact.

First Circuit Pattern Jury Instructions 2.14; <u>United States v. Gabriele</u>, 63 F.3d 61, 66 (1st Cir.1995) (willful blindness instruction is warranted if (1) the defendant claims a lack of knowledge; (2) the evidence would support an inference that the defendant consciously engaged in a course of deliberate ignorance; and (3) the , as a whole, could not lead the jury to conclude that an inference of knowledge was mandatory).

**Proposed Instruction:**
**Conspiracy to Distribute -- Drug Quantity**
**[21 U.S.C. § 846]**

The defendants are accused in Count One of the Superseding Indictment with conspiracy to possess with intent to distribute or to distribute cocaine and marijuana.   If you find any defendant guilty of this charge, I will go on to ask you to consider the following: did government prove beyond a reasonable doubt that the conspiracy involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine <u>or</u> 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana.

<u>Derman v. United States</u>, 298 F.3d 34, 42 (1st Cir. 2002); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>see</u> <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

27

**Proposed Instruction:**
**Stake in the Outcome**

The extent of a defendant's participation in a conspiracy and the importance of his role in effectuating the purposes of the conspiracy do not determine that defendant's guilt. A conspirator's guilt or innocence is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the gambit of the conspiracy.

Moreover, a person may be found to be a member of a conspiracy whether or not he had a financial stake in the illegal venture. Conspirators may have different motives for participating in a conspiracy.

This instruction is adopted from: (1) an instruction given by Judge Keeton in <u>United States v. Forero-Diaz</u>, Criminal Number 88-110-K, pp. 29; and (2) L.B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, §19-6 (1990).

28

**Proposed Instruction:**
**Acts and Declarations of Co-conspirators**

I have admitted into evidence certain acts and statements of various individuals because these acts and statements are alleged to have been committed during the course and in furtherance of the conspiracy.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime.  Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.  This is so even if the acts or statements in question were done or made in the absence of the defendant and without his knowledge.

However, before you consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.

29

If the acts were done or the statements made by someone whom you
do not find to have been a member of the conspiracy or if they
were not done or said in furtherance of the conspiracy, they may
not be considered by you as evidence against the defendants.

United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir.  1977);
L.B. Sand, Modern Federal Jury Instructions: Criminal, §19-9
(1990); United States v. Angiulo, 847 F. 2d 956, 969 (1st Cir.
1988) ("As long as it is shown that a party, having joined a
conspiracy, is aware of the conspiracy's features and general
aims, statements pertaining to the details of plans to further
the conspiracy can be admitted against the party even if the
party does not have specific knowledge of the acts spoken of.").
Devitt and Blackmar, Federal Jury Practice and Instructions,
§§14.13 (3d ed. 1977).

**Proposed Instruction:**
**Statements by Defendant**

You have heard evidence that a defendant made statements in which the government claims he admitted certain facts.

It is for you to decide: (1) whether the defendant made the statement; and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.10 (1998 Edition).

31

**Proposed Instruction:**
**Submitting the Indictment**

I am sending a copy of the indictment into the jury room for you to have during your deliberations.  You may use it to read the crime which the defendants are charged with committing.  You are reminded, however, that the indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

L.B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶9-4 (1990).

32

**Proposed Instruction:**
**Punishment**

The question of possible punishment of the defendants is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendants, if convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

L. B. Sand, Modern Federal Jury Instructions: Criminal, §9-1 (1990).

33

**Return of Verdict Form**

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**Read verdict form.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

34

**VERDICT FORM**

**COUNT ONE**

**(Conspiracy to Possess with Intent to Distribute, and to Distribute, Cocaine and Marijuana)**

1.  Do you find that Michael Griffin is:

      ❑ not guilty     ❑ guilty

of Count One of the Superseding Indictment?


2.  Do you find that William David Veney is:

      ❑ not guilty     ❑ guilty

of Count One of the Superseding Indictment?


3.  Do you find that Richard Collado is:

      ❑ not guilty     ❑ guilty

of Count One of the Superseding Indictment?


If your answer is not guilty as to all defendants, do not go on to questions (4) and (5).  If your answer is guilty as to any defendant, please answer both questions (4) and (5) below.


4.  Do you find that the conspiracy involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine?

      ❑ no       ❑ yes

1

5.    Do you find that the conspiracy involved 100 kilograms or
       more of a mixture or substance containing a detectable
       amount of marijuana?

       ❑ no        ❑ yes

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:  /s/ Rachel E. Hershfang
     Rachel E. Hershfang
     Nathaniel R. Mendell
     Assistant U.S. Attorneys



Date:    February 21, 2007


**CERTIFICATE OF SERVICE**

    This is to certify that I have this day, February 21, 2007,
served upon counsel of record a copy of the foregoing document by
electronic filing.


               /s/ Rachel E. Hershfang
               Rachel E. Hershfang

3