UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES,           )
                                    )
            v.                      )           CRIMINAL NO. 03-10404-NG
                                    )
MICHAEL GRIFFIN, et al.   )
_____)

### DEFENDANT MICHAEL S. GRIFFIN'S OPPOSITION TO THE GOVERNMENT'S REQUEST FOR A "WILLFUL BLINDNESS" INSTRUCTION

The government has requested that the Court instruct the jury that the defendant may be found to have acted knowingly if the jury finds that he "deliberately closed his eyes to a fact that otherwise would have been obvious to him."  Government's Proposed Instructions, at 26.  For the reasons below, such an instruction is inappropriate in this case.

The evidence in this case has clearly established that Michael Griffin runs a legitimate business, D-2 Piano Moving.  There is no dispute that D-2, and by extension Michael Griffin, was hired for legitimate moving jobs by Frank Fister, including moving his household goods more than once.[1/]  Further, there is no dispute that Michael Griffin - at the behest of Frank Fister - drove from Texas to Boston several times, and that there was cocaine in the cargo.

Griffin's defense is that he did not know that the cargo contained cocaine.  There has been testimony that the acknowledged members of the conspiracy did not want to tell the "drivers" what they were carrying nor its value for fear that the drugs would be stolen or the drivers "scared off."  There has also been testimony that the drugs were, at the very least, always packaged in duffle bags with locked zippers, and at least packed at times into boxes.

_____

[1/] There was conflicting testimony, immaterial here, whether it was two or three instances.

The district court has a large measure of discretion to determine what instructions are appropriate for the jury. However, the court should exercise great caution in considering whether to grant a "deliberate ignorance" or "willful blindness" instruction, since there "is a possibility that the jury will be led to employ a negligence standard and convict a defendant on the impermissible ground that he should have known an illegal act was taking place." United States v. Barnhart, 979 F.2d 647, 651 (8th Cir. 1992)(internal quotations omitted). That danger is obviously present here.

In any event, deliberate indifference is never applicable to the third element of conspiracy. Thus, in this case, where conspiracy is the only crime charged, a willful blindness instruction raises the inescapable danger that the jury will apply that standard to the third element of conspiracy, intent to agree to the conspiracy and intent to effectuate the goals of the conspiracy. United States v. Lizardo, 445 F.3d 73, 85-86 (1st Cir. 2006).

Moreover, as the Eighth Circuit has pointed out, "if the evidence in the case demonstrates only that the defendant either possessed or lacked actual knowledge of the facts in question – and did not also demonstrate some deliberate efforts on his part to avoid obtaining actual knowledge – a willful blindness instruction should not be given." Barnhart, 979 F.2d at 651; see also Lizardo, 445 F.3d at 84-85 (a "willful blindness instruction is appropriate if (1) a defendant claims a lack of knowledge, (2) the facts suggest a conscious course of deliberate ignorance, and (3) the instruction, taken as a whole, cannot be misunderstood as mandating an inference of knowledge.").

Here, the government has presented a case in which it claims that Frank Fister recruited

Griffin to join the conspiracy by telling Griffin that he would be transporting drugs from Texas to Massachusetts.  Recognizing the weakness of its case, the government seeks through jury instructions to proceed on a different theory.  This should not be permitted.  The jury will determine whether (as the government claims) the defendant had actual knowledge of the facts or (as the defense claims) he did not.  That is the only issue in this case, and thus a willful blindness instruction is entirely inappropriate.

Further, a willful blindness is inappropriate unless there is evidence that there were "some deliberate efforts on [the defendant's] part to avoid obtaining actual knowledge . . . ." Barnhart, 979 F.2d at 651. Here, the facts do not suggest a "conscious course of deliberate ignorance."  Lizardo, 445 F.3d at 85.  The government has not identified any actions Griffin failed to take which suggest an effort to avoid knowledge.  The government's contention suggests Griffin should have opened the boxes or bags in his cargo in order to investigate.  What this argument ignores, however, is the undisputed fact that Griffin was a mover, hired to move certain goods. Michael Griffin was not only not under an obligation to investigate in this manner, he was under an obligation not to do so, since a mover may not open packages entrusted to his care.

In these circumstances, the evidence is insufficient to merit the instruction in willful blindness.  Indeed, in such circumstances, where the government's case failed to suggest steps the defendant should have taken to investigate, giving the instruction will inevitably suggest to the jury that mere suspicion is equivalent to knowledge, and let the jury convict on a standard of negligence.  Thus, the willful blindness instruction should not be given.

Respectfully submitted,
*/s/ Kenneth M. Resnik*
Max D. Stern
BBO No. 479560
Kenneth M. Resnik
BBO No. 637527
Stern, Shapiro, Weissberg
  & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022

Dated: February 22, 2007

<u>Certificate of Service</u>

I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 22, 2007.

/s/ Kenneth M. Resnik

-4-