UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA       )
                               )
                               )
                               )
     v.                        )
                               )   No. 03-10404-NG
1. MICHAEL GRIFFIN,            )
3. WILLIAM DAVID VENEY, and    )
4. RICHARD COLLADO,            )
                               )
          Defendants.          )
```

**GOVERNMENT'S RESPONSE**
**(REQUEST FOR "WILLFUL BLINDNESS" INSTRUCTION)**

The government hereby responds to the opposition filed earlier today by Michael Griffin ("Griffin") to its request that the Court give a "willful blindness" instruction to the jury. Such an instruction is fairly given on the facts of this case. The government respectfully requests that the Court give the instruction.

Three requirements must be met before a "willful blindness" instruction is appropriate. First, the defendant must claim a lack of knowledge; second, the evidence must support an inference that the defendant consciously engaged in a course of deliberate ignorance; and third, "the instruction, as a whole, cannot be misunderstood as mandating an inference of knowledge." United States v. Lizardo, 445 F.3d 73, 85-86 (1st Cir. 2006) (quoting United States v. Epstein, 426 F.3d 431, 440 (1st Cir. 2005).

These three requirements are met here. Michael Griffin has

claimed lack of knowledge, as he asserts again in his opposition to the government's request for the instruction. And, as Griffin also admits, the evidence is that the drugs were often (indeed, according to the government witnesses, almost always, with one exception) packed in duffel bags. Locked duffel bags, to be sure, but duffel bags nonetheless, through which anyone handling them could feel the shifting blocks of cocaine inside. The government's witnesses (Frank Fister and Ruben Mirabal) testified that they personally handed these duffel bags to Griffin. To show "a course of deliberate ignorance," it is not necessary, as Griffin asserts, that he have been under some duty to open and inspect his cargo. Cf. Griffin Opp. at 3; see United States v. Cunan, 152 F.3d 29, 39 (1st Cir. 1998) (rejecting defendant's argument that, absent evidence he acted deliberately to avoid actual knowledge, the willful blindness instruction should not be given; "[a]ll that is required is that 'the facts *support an inference* of defendant's conscious course of deliberate ignorance" [citation omitted; emphasis added in Cunan]); United States v. Singh, 222 F.3d 6, 11 (1st Cir. 2000) ("[t]he government has no burden to prove willful blindness by direct evidence; it is sufficient if the government adduces evidnce that warning signes existed sufficient to put a reasonably prudent person on inquiry notice (and, thus, sufficient to permit a factfinder to infer conscious avoidance of guilty knowledge)").

Instead, if "flags of suspicion" are raised by the defendant's activities, those may "suggest willful blindness." Lizardo, 445 F.3d at 85.

Such flags are flying here: a registered, licensed mover takes many trips (at least five, by his cross-examination to date) to Texas.  There, he meets in parking lots with two men (the Mirabals) to whom he has been introduced by his drug dealer (Frank Fister).  Ruben Mirabal tosses him lumpy duffel bags locked with little padlocks (or, in one case, boxes), bids him "be safe," and sends him on his way.  This is hardly the average move.  There are, as far as the government has been made aware, no D2 shipping records for these trips.  There are, as far as the government has been made aware, no invoices.  The payment, Frank Fister testified, was made in bundles of $10,000 cash (small bills, as he kept the larger ones for himself).  These facts are sufficient to put Griffin (and Veney) "on notice that criminal activity is probably afoot"; their subsequent failure "to investigate those facts, thereby deliberately declining to verify or discover the criminal activity" is sufficient to warrant a willful blindness instruction. United States v. Barnhart, 979 F.2d 647, 652 (1st Cir. 1992) (vacating conviction where willful blindness instruction given and facts -- that company had a cash-flow problem, but remained in business -- not sufficient to suggest necessarily illegal conduct).

Frank Fister's testimony that he told the drivers (Griffin and Veney) the nature of the loads does not end the inquiry. The government may pursue a parallel argument that, even had the drivers not been told directly, they would have known (absent willful blindness) that their cargo was contraband narcotics. E.g., Lizardo, 445 F.3d at 85 (willful blindness instruction appropriate where, although evidence at trial suggested that defendant had direct knowledge of the cocaine conspiracy, that evidence required that the jury believe a cooperating witness's testimony, and "the remaining evidence would suggest that Lizardo remained willfully ignorant of [another defendant's] illegal activities").

The third concern -- that the instruction not mandate an inference of knowledge -- is addressed by the proposed instruction itself. The government has requested the (proposed) First Circuit pattern instruction, which cautions, "However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact." The caption of the proposed instruction makes clear that it applies only to the "knowingly" element of the charge. Should this not be sufficient, in the Court's mind, to cabin the jury's consideration to the second element, the government could mofify the instruction further, given direction from the Court, to

clarify that the willful blindness instruction does not apply to the defendant's knowing intent to agree to the conspiracy and to effectuate its object.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Rachel E. Hershfang
      Rachel E. Hershfang
      Nathaniel R. Mendell
      Assistant U.S. Attorneys
      (617)748-3249/-3304

February 22, 2007

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to all those not participating in ECF.

        /s/ Rachel E. Hershfang
        Rachel E. Hershfang