```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MASSACHUSETTS
_____
UNITED STATES OF AMERICA      )
                              )
     v.                       )    CRIM. No. 03-10404-NG
                              )
MICHAEL GRIFFIN, WILLIAM DAVID)
VENEY, RICHARD COLLADO        )
     Defendants.              )
_____
GERTNER, D.J.:
```

## JURY INSTRUCTIONS

### I.  CONSPIRACY

Michael Griffin, William David Veney, and Richard Collado are each charged with conspiring to violate the federal drug law. Specifically, the Indictment charges each defendant with conspiracy to possess with intent to distribute or to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, or conspiracy to possess with intent to distribute or distribute one hundred kilograms or more of a mixture or substance containing a detectable amount of marijuana.

### a.  Elements of Conspiracy

A conspiracy is essentially an agreement or a combination of two or more persons to violate the law.  One way of looking at it is as a partnership in crime. That means that the conspirator not only acts for himself, he acts for others.  If they are acting together, if they have chosen and agreed to act together toward that common end, then you may find a conspiracy.

Now, I will explain the elements of the crime of conspiracy.

To find each defendant guilty of the conspiracy charge, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

**FIRST:** that an agreement existed between at least two people to commit the specific crimes alleged in the indictment;

**SECOND:** that each defendant knew the unlawful purpose of the agreement and willfully joined in that agreement.

With respect to the **FIRST** element -- the existence of a conspiracy:

a) It is not necessary that the government actually show that the unlawful purpose of the conspiracy was achieved in order to show that the conspiracy existed. The core of the crime is the agreement itself.

b) The agreement does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

c)   Since a conspiracy by its nature is often secret, neither the existence of the common agreement nor the fact of the defendant's participation in it need be proved by direct evidence.  It may be inferred by circumstantial evidence, so long as that evidence satisfies the standard, beyond a reasonable doubt.

d)   The Superceding Indictment alleges that the conspiracy existed "[f]rom a time unknown...but at least by in or about January 2000 and continuing thereafter until on or about April 17, 2002."

   i) In determining whether each defendant and at least one other person conspired as charged, you need not find that the conspiracy existed at the exact time or over the entire period charged.  The law only requires a substantial similarity between the dates alleged in the indictment and the dates established by testimony or exhibits.

   ii) Nor is it necessary for you to find that the alleged co-conspirators joined the conspiracy at the same time, or that all of the participants in the conspiracy knew one another, or that all members participated at the same time in the furtherance of their criminal activities.

        iii) What must be proved beyond a reasonable doubt is that the conspiracy was in existence for some period of time reasonably near the time alleged or for some portion of the period charged, that the criminal goal or plan have persisted without fundamental alteration, notwithstanding variations in personnel or their roles.

  e)  Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

1) With respect to the **SECOND** element -- knowingly, willfully and voluntarily becoming a member of the conspiracy:

  A.  An act is done "willfully" if done voluntarily and intentionally with the specific intent to do something the law forbids be done -- that is to say, with a bad purpose to disregard or disobey the law.

  B.  An act is done "knowingly" if done voluntarily and intentionally.

  C.  "Willfully" and "Knowingly" exclude actions done by ignorance, accident or mistake.

    D.    Because it is difficult to show directly what a person intends or knows, you may infer intent or knowledge from circumstantial evidence, namely, all of the evidence in the case and from the surrounding circumstances.

    E)  Before a defendant can be said to have willfully and knowingly joined the conspiracy, the government must prove two types of intent :

        1) specific intent to agree and

        2) specific intent, whether reasonable or not, that the underlying crime be committed.

Put otherwise, in order to find a defendant guilty of this offense, you must find that he agreed to participate in the conspiracy with knowledge of its unlawful purpose or purposes and with the specific intent of furthering its objectives, namely that the possession of marijuana or cocaine with intent to distribute be accomplished.

    F.    Proof that a given defendant willfully joined in the agreement must be based upon evidence of his own words and his own actions.

    G.    You do not have to find that the defendant agreed specifically to or knew all about the details of the crime, that he knew every other coconspirator, that he participated in each act of the agreement, that

he played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.

H. What is not sufficient to establish proof of the existence of conspiracy and membership is

1) Mere presence at the scene of a crime, even with knowledge that a crime is being committed,

2) Mere fact that certain persons may have associated with each other and discussed common aims and interests

3) Mere fact that a person who has no knowledge of a conspiracy simply happens to act in a way that furthers some object of the conspiracy

4) But you can consider these facts, along with the other evidence in this case, to evaluate proof of the existence of and membership in the conspiracy.

**B.** **Object of the Conspiracy**

Defendants are accused in Count One of the Superseding Indictment with conspiracy to possess with intent to distribute or to distribute cocaine or marijuana.

The crime of possession with intent to distribute involves the following:

    a.   that the person possessed the cocaine;

    b.   that cocaine is a controlled substance;

    c.   that he or she did so knowingly and intentionally.

Significantly, the law is that the government needs to prove either marijuana or cocaine possession with intent to distribute, not both.

If you find any defendant guilty of this charge, I will go on to ask you to consider the following: did the government prove beyond a reasonable doubt that the conspiracy involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine or 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana.