UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



FILED IN OPEN COURT
february 27, 2007

| | |
|---|---|
| UNITED STATES )<br>)<br>v. )<br>)<br>MICHAEL S. GRIFFIN, )<br>RONALD CAVALIERE, )<br>WILLIAM DAVID VENEY, )<br>and RICHARD COLLADO. )<br>) | CRIM. NO. 03-10404-NG |

### DEFENDANT MICHAEL GRIFFIN'S MOTION FOR SUPPLEMENTAL INSTRUCTION CONCERNING SCOPE OF THE CONSPIRACY

Defendant Michael Griffin requests that the Court instruct the jury as follows:

> The charge of conspiracy against Michael Griffin relates to the allegation that Griffin conspired to transport drugs between Texas and Massachusetts. Defendant is not charged with the crime of having purchased cocaine or marijuana from Frank Fister with the intent to distribute it.

In support thereof, defendant says as follows:

1. The defendant is charged in this case with a conspiracy "from a date unknown to the Grand Jury, but no later than in or about January, 2000, and continuing until on or about April 17, 2002." The gravamen of the Government's case has been that defendant transported drugs between Texas and Massachusetts on various occasions.

2. Prior to trial, the Court agreed to allow the Government to offer evidence of drug purchases by the defendant from Frank Fister, for the purpose of showing that defendant knew that Fister was in the drug business, thus making it more likely that defendant knew that the cargoes he carried contained drugs.

3. Thereafter, the Government elicited testimony from Frank Fister that defendant purchased drugs in quantities consistent with the purpose to resale -- but that these purchases ended when defendant began to transport drugs from Texas to Massachusetts:

> Q: How do you know that they were amounts that he was selling and not using himself?
>
> A; Because he would buy multiple ounces within a week's period of time, multiple pounds of marijuana.
>
> Q: Now, did he ever change from buying the larger amounts of cocaine and marijuana?
>
> A: He stayed consistent for a little while up until he started transporting for me, and soon after he transported, he stopped selling cocaine and marijuana.

(Tr. 7-84.)

4. Furthermore, Fister gave no testimony concerning drug transactions between him and Griffin after the beginning of the alleged transport conspiracy.

5. It is clear from the evidence in this case, that any purchases of drugs by defendant Griffin from Frank Fister were not part of the alleged conspiracy to transport drugs between Texas and Massachusetts.  Furthermore, there was insufficient evidence for the jury to conclude that Griffin bought drugs from Fister with intent to distribute during the period of the transportation conspiracy.

6. In his rebuttal argument in this case, Assistant United States Attorney Mendell referred to various entries in Fister's diaries and asserted that this constituted evidence that Griffin purchased quanties of drugs from Fister after the beginning of the transport conspiracy for the purpose of sale.  There was no testimony which supported the prosecutor's interpretation, and, as it arose in the rebuttal argument, defendant was unable to respond.

7. Unless the Court gives the requested instruction, there is now a risk -- in light of the rebuttal argument -- that if the jury accepts the prosecutor's unsupported interpretation of the Fister records, that it will convict the defendant of conspiracy to possess with intent to distribute -- on the basis of the supposed purchase of ounce quantities of cocaine and pound quantities of marijuana from Fister with the intent to distribute -- even if it believes that his cross-country transport of kilo quantities of cocaine and marijuana was entirely unknowing.

                Respectfully submitted,

*Max D. Stern*
Max D. Stern
BBO No. 479560
Stern, Shapiro, Weissberg
  & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022

Dated: February 27, 2007.